STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-2009-223

SUNTRUST MORTGAGE,
INC.,

Plaintiff,

v.

ROBERT E. HARMON,

Defendant,

and

DONNA M. HARMON,

Party-In-Interest.

ORDER ON MOTION
FOR SUMMARY
JUDGMENT

The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, *et seq.* The defendants filed an objection. Regardless of

whether the defendant has filed an objection this motion is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure actions.

M.R. Civ. P. 56(j).[1] The court has an independent obligation to ensure compliance with

this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend.[2] The court must

---

[1] M.R. Civ. P. 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[2] The Advisory Committee note states:

1

also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Finance LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11.

After review, the court concludes that the following requirements for a summary judgment of foreclosure have been met:

| | Compliant | Non-compliant or unclear |
|---|---|---|
| **Service:** Proof of service on all defendants and parties in interest. | ✗ | ☐ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✗ | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | ✗ | ☐ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements.[3] | ✗ | ☐ |
| **Note:** Properly presented proof of ownership of the | ✗ | ☐ |

---

This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

[3] The Defendant executed and delivered the Mortgage to Mortgage Electronic Registration Systems, Inc., as Nominee for SunTrust Mortgage, Inc., as lender to secure the Note. (Pl.'s S.M.F. ¶ 2.) The court notes that Mortgage Electronic Registration Systems, Inc., as Nominee for SunTrust Mortgage, Inc. attempted to assign the Mortgage to SunTrust Mortgage, Inc. on August 19, 2009, with an effective date of August 12, 2009. (Id. ¶ 3.) The Assignment was never recorded. (Id. ¶ 4.) Mortgage Electronic Registration Systems, Inc., as Nominee for SunTrust Mortgage, Inc. assigned its interest once more on August 16, 2010, with an effective date of August 12, 2009. (Id. ¶ 5.) Regardless of when the assignment became effective, SunTrust Mortgage, Inc. is the correct plaintiff. See Mortgage Electronic Recording Systems, Inc. v. Saunders, 2010 ME 79, ¶ 15, 2 A.3d 289, 297 (holding that Mortgage Electronic Recording Systems, Inc., acting as nominee, as no standing to institute a foreclosure proceeding).

2

mortgage note, including all assignments and endorsements.[4]

| | | |
|---|---|---|
| **Breach**: A breach of condition in the mortgage. | ✗ | ☐ |
| **Amount Due**: The amount due on the mortgage note, including any reasonable attorney fees and court costs.[5] | ✗ | ☐ |
| **Priority**: The order of priority and amounts due to other parties in interest, including any public utility easements. | ✗ | ☐ |
| **Notice**: Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed. | ✗ | ☐ |
| **M.R. Civ. P. 56**: All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ✗ | ☐ |
| **Mediation**: If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | N/A | |
| **SCRA**: If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | N/A | |

The statutory requirements have been met. Accordingly, the Court grants the plaintiff's motion for summary judgment. The court will sign a separate judgment of foreclosure and sale.

The plaintiff is, however, entitled to reasonable attorneys' fees only. See 14 M.R.S. § 6322. Originally, the plaintiff stated it incurred $1,125.00 in attorney's fees.

---

[4] The defendant and party-in-interest correctly state that the note is not witnessed. (Def.'s S. Add'l M.F. ¶ 1.) The defendant does not allege that the signature on the face of the note is not his own or has been fraudulently obtained. There is no dispute as to the validity of the note.

[5] The defendant denies the amount due, but fails to properly controvert the plaintiff's statement of material fact with a citation to the summary judgment record. See M.R. Civ. P. 56(h)(4).

3

(Higgins 9/21/10 Aff. ¶ 11). In the second motion for summary judgment, the plaintiff states it incurred $1,750.00 in attorney's fees. (Higgins 4/1/11 Aff. ¶ 11). It is not reasonable to allow the plaintiff to recover fees for the first motion for summary judgment, which it withdrew by letter filed on November 22, 2010, and the second motion for summary judgment. Attorney's fees of $1,125.00 will be awarded.

Further, within 20 days of the date of this order, the plaintiff shall submit an itemized list of costs incurred. In the original motion, the plaintiff requested costs of $1,752.25. (Higgins 9/21/10 Aff. ¶ 11.) In the second motion, the plaintiff requests costs of $1,300.20. (Higgins 4/1/11 Aff. ¶ 11.)

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: June 13, 2011

Nancy Mills
Justice, Superior Court

4

NEIL HIGGINS ESQ
FLAGG LAW PLLC
93 MIDDLE ST
PORTSMOUTH NH 03801

ROBERT BOUDREAU ESQ
SUITE 4A
190 RIVERSIDE ST
PORTLAND ME 04103-1073