STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-09-299

*NM ~ cur ~7/20/2011*

BAC HOME LOANS SERVICING,
L.P. f/k/a Countrywide Home
Loans Servicing, L.P.

              Plaintiff,

v.

JEFFREY W. KELLEY and
ERIN M. KELLEY

              Defendants,

NORTHEAST BANK,
COUNTRYWIDE BANK, N.A.

              Parties-In-Interest.

ORDER ON MOTIONS
FOR DEFAULT JUDGMENT
AND SUMMARY JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 20 2011

RECEIVED

The plaintiff moves for default judgment and summary judgment in an action for

foreclosure brought pursuant to 14 M.R.S.A. § 6321, et seq. Because the requirements

for a default judgment against the defendants are similar to the requirements for a

motion for summary judgment, the court will consider the motion for summary

judgment first.[1]

---

[1] Pursuant to M.R. Civ. P 55(a), a judge or justice must review a default in a foreclosure action. M.R. Civ. P. 55(a)(1). The court must determine whether the service and notice requirements of 14 M.R.S. § 6111 have been met and whether the plaintiff has properly certified proof of ownership of the mortgage and the note and produced evidence of the mortgage and note. Id. The language in M.R. Civ. P. 55(a)(1) mirrors, in part, the language in Rule 56(j), which governs summary judgment in foreclosure actions. See M.R. Civ. P. 56(j). Under Rule 56(j), to properly certify proof of ownership of the mortgage and the note, the plaintiff must set forth facts that would be admissible in evidence if offered at trial. M.R. Civ. P. 56(e). Accordingly, to properly certify proof of ownership of the mortgage and the note in an action for default judgment under M.R. Civ. P. 55(a)(1), the plaintiff must file an affidavit that complies with Rule 56(j)(ii) and the Maine Rules of Evidence. See M.R. Evid. 803(6); M.R. Evid. 902(11). As mentioned below, the plaintiff has failed to do so.

1

Although the defendants did not file an objection, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[2] The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend.[3] The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Finance LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11. Summary judgment rules are applied strictly, and contain a qualitative requirement that the parties support assertions of material facts by record references to evidence that is of a quality that would be admissible at trial. HSBC Mortgage Servs., Inc. v. Murphy, 2011 ME 59, ¶ 9, 19 A.3d 815, --.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

---

[2] M.R. Civ. P. 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[3] The Advisory Committee note states:

> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

2

|  | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| **Service:** Proof of service on all defendants and parties in interest. | ✗ | ☐ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✗ | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | ☐ | ✗ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | ☐ | ✗ |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | ☐ | ✗ |
| **Breach:** A breach of condition in the mortgage. | ✗ | ☐ |
| **Amount Due:** The amount due on the mortgage note, including any reasonable attorney fees and court costs. | ☐ | ✗ |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements. | ✗ | ☐ |
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed (including that contents of the notice comply with § 6321-A). | ☐ | ✗ |
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ☐ | ✗ |
| **Mediation:** If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | N/A | |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗ | ☐ |

The court denies the plaintiff's motion for the following reasons. Upon review of the plaintiff's motion the court concludes that it has not submitted proper proof of ownership of the mortgage and the note. The plaintiff cites to a general affidavit from a

3

person purporting to be an officer of the plaintiff. (See Flynt Aff. ¶ 1.) In this affidavit, however, the officer does not provide proof of a valid assignment of the mortgage. The plaintiff's attorney attempts to certify an assignment of the mortgage, but does not qualify as a custodian of the records. HSBC Mortgage Servs., Inc., 2011 ME 59, ¶ 9, 19 A.3d at --. Moreover, the note was written in favor of American Residential Mortgage. On the face of the note are endorsements to Countrywide Bank, N.A. and Countrywide Home Loans, Inc. and a blank endorsement authorized by an agent of Countrywide Home Loans, Inc. Although a note endorsed in blank is payable to the bearer of the note, see 11 M.R.S.A. § 3-1205(2), the plaintiff does not discuss this change in ownership in the statement of material facts.

The plaintiff failed to set forth in its statement of material facts proof that the notice requirements set forth in 14 M.R.S.A. § 6111(1) were met or that an exception in 14 M.R.S.A. § 6111(5) applies. 14 M.R.S.A. § 6111(5) is an exception to the notice requirements in 14 M.R.S.A. § 6111. 14 M.R.S.A. § 6111(5), which was repealed on February 24, 2010, applies to this action.[4] The plaintiff generally cites to the mortgage, but failed to indicate which particular provision of the Mortgage exempts it from the notice requirements set forth in 14 M.R.S.A. § 6111(1).[5] "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.R. Civ. P. 56(h)(4).

---

[4] The notice of default and right to cure is dated October 28, 2008. (Hawkins Aff. Ex. B.)

[5] 14 M.R.S.A. § 6111(5) states that 14 M.R.S.A. § 6111 does not apply to:

> B. A mortgage that contains a requirement that a reinstatement notice, a notice of right to cure or an equivalent notice be given to the mortgagor at least 30 days prior to accelerating the maturity of the unpaid balance of the obligation or otherwise enforcing the mortgage against the mortgagor, if the mortgagee gives such a notice to the mortgagor and to any cosigner against whom the mortgagee seeks to enforce the obligation secured by the mortgage; . . .

4

Additionally, the plaintiff failed to provide proof that the notice of default and right to cure was sent by registered or certified mail, as required by 14 M.R.S.A. § 6111(3).

Finally, the plaintiff does not indicate the amount of attorneys' fees and court costs due in the statement of material facts. The plaintiff states that it is entitled to reasonable attorneys' fees and costs, but fails to state in its statement of material facts the actual amount due. (Pl.'s S.M.F. ¶ 8.)

The entry is

> The Plaintiff's Motion for Default Judgment and Motion for Summary Judgment are DENIED.

Date: July 20, 2011

Nancy Mills
Justice, Superior Court

5

BAC Home Loans
    Atty - Rachael Pierce

Jeffrey Kelley
Erin    Kelley
        Pro se

P II  Northeast Bank

        Bruce Hochman, Esq
        Luis Carrillo, Esq.

P IV  Countrywide Bank
        Pro Se