STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. RE-11-140
TDW - CUM√10/6/2011

WELLS FARGO BANK N.A.,

Plaintiff,

v.

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

DEBORAH S. PAGE a/k/a DEBORAH
S. COBB,

Defendant,

and

JAY L. JONES DBA SHED SOLUTIONS,

Party-In-Interest.

The plaintiff moves for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S.A. § 6321, et seq. The defendant filed no response. Regardless of whether the defendant has filed an objection, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to amend.[2] The court must also

---

[1] M.R. Civ. P. 56(j) states:
> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[2] The Advisory Committee note states:
> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has

1

determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

| | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| **Service:** Proof of service on all defendants and parties in interest. | ✗ | ☐ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✗ | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | ✗ | ☐ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | ☐ | ✗ |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | ☐ | ✗ |
| **Breach:** A breach of condition in the mortgage. | ✗ | ☐ |
| **Amount Due:** The amount due on the mortgage note, including any reasonable attorney fees and court costs. | ✗ | ☐ |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements. | ☐ | ✗ |
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed (including that contents of the notice comply with § 6321-A). | ☐ | ✗ |

| | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) | ☐ | ✗ |

been waived.
M.R. Civ. P 56(j) advisory committee's note.

statements and properly supported in the record.

| | | |
|---|---|---|
| **Mediation:** If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | ✗ | ☐ |
| For cases filed after Dec. 31, 2009, in accordance with M.R. Civ. P. 93(c)(4), proof that plaintiff served defendant(s) financial forms used to consider alternatives to foreclosure at the time of the complaint. | ✗ | ☐ |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗ | ☐ |

The court denies Plaintiff's motion on the following grounds:

Plaintiff has not submitted proper proof of ownership of the note. The note was written in favor of Equity One. The note contains two endorsements: one from Equity One to Wells Fargo Bank, N.A., and one that appears to be an endorsement in blank from Wells Fargo Bank, N.A. While Pl.'s S.M.F. ¶ 4 states "Plaintiff is the current holder of the Note and is entitled to collect the debt[,]" However, Plaintiff's statement of material facts does not discuss the endorsements of the note. *Chase Home Finance LLC v. Higgins* requires that "all assignments and endorsements of the note and the mortgage" be included in the statement of material facts. 2009 ME 136, ¶ 11, 985 A.2d at 510-11.

Furthermore, Plaintiff's discussion of the assignment of the mortgage in the statement of material facts is inadequate. Plaintiff states "Plaintiff has been assigned the Mortgage." Pl.'s S.M.F. ¶ 5. Plaintiff then cites to the Affidavit of Lender and Exhibit C, which is the Assignment of the Mortgage. The Assignment of the Mortgage is from Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Equity One, Inc. The statement of material facts fails to mention that MERS assigned the mortgage. In

3

fact, the statement of material facts never mentions MERS' involvement. Given the requirement that "all assignments and endorsements of the note and the mortgage" be included in the statement of material facts, *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d at 510-11, this represents a bar to summary judgment.

Plaintiff also failed to provide evidence in the statement of material facts that it properly served the notice of default in accordance with 14 M.R.S. § 6111(3). That statute provides that the notice must be sent by certified mail, return receipt requested or by first class mail, postage prepaid. For purposes of establishing that such notice was "provided" as required by § 6111(3), evidence must be offered as to a signed receipt, evidence of the last delivery attempt, or a certificate of mailing.

Lastly, the statement of material facts does not clearly state "the order of priority and any amounts that may be due to other parties in interest." *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d at 510-11. The Pl.'s S.M.F. ¶ 19 only lists the plaintiff, and fails to discuss the defendant or the party-in-interest. While Jay Jones d/b/a Shed Solutions has not appeared in this action, the plaintiff needs to have a default entered before it can dispense with further consideration of a party in interest's priority.

Accordingly, the Court **ORDERS** that Plaintiff's summary judgment Motion is **DENIED**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 4 Oct 2011

_____
Thomas Warren
Justice, Superior Court

4

WELLS FARGO BANK NA VS DEBORAH S PAGE AKA DEBORAH S COBB
UTN:AOCSsr  -2011-0029946                    CASE #:PORSC-RE-2011-00140
------------------------------------------------------------------------

SEQ VO                                    REPRESENTATION TYPE        DATE

01 0000009510 ATTORNEY:FOLSOM, CARRIE
ADDR:270 FARMINGTON AVENUE SUITE 151 FARMINGTON CT 06032
     F FOR:WELLS FARGO BANK NA                  PL        RTND    03/30/2011

02 0000004220 ATTORNEY:SAKSEN, ALEXANDER WILSON
     ADDR:PO BOX 18201 PORTLAND ME 04112-8201
     F FOR:WELLS FARGO BANK NA                  PL        RTND    08/29/2011

03 0000004656 ATTORNEY:CROWE, ELIZABETH M
ADDR:270 FARMINGTON AVENUE SUITE 151 FARMINGTON CT 06032
     F FOR:WELLS FARGO BANK NA                  PL        RTND    08/29/2011