STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-09-104
TDW - cum - 10/14/2011

SUNTRUST MORTGAGE, INC.,

Plaintiff,

v.

ORDER

CHRISTOPHER T. MUSE,

Defendant,

and

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 14 2011

RECEIVED

EVERGREEN CREDIT UNION,

Party-In-Interest,

_____

EVERGREEN CREDIT UNION,

Cross-Claim Plaintiff,

v.

CHRISTOPHER T. MUSE,

Cross-Claim Defendant,


In this foreclosure case this court has twice denied motions by plaintiff SunTrust Mortgage Inc. for summary judgment.[1] See orders dated November 5, 2009 and November 29, 2010. Between those two orders SunTrust apparently sent an additional notice of default on or about May 4, 2010.

Subsequently party-in-interest Evergreen Credit Union was granted summary judgment on its cross claim for foreclosure of its second mortgage, see order dated

---

[1] Although neither of SunTrust's motions was opposed by defendant Christopher Muse, the court cannot grant summary judgment until it makes the independent determinations required by Rule 56(j).

1

August 17, 2011, and SunTrust has now filed a second supplemental motion for summary judgment.

Once again, Mr. Muse has not filed any opposition papers, and the only issue is whether SunTrust's renewed motion meets the requirements of Rule 56(j) and Chase Home Finance LLC v. Higgins, 2009 ME 136 ¶ 11, 985 A.2d 508, 510-11. The court concludes that in its supplemental motion and statement of material facts SunTrust has properly certified ownership of the note and has produced evidence of the note and mortgage and the assignments and endorsements thereof. SunTrust's statement of material facts and the supporting record citations establish a breach of the mortgage conditions and set forth the book and page number of the mortgage and its assignment, along with the street address of the property in question.

SunTrust's statement of material facts also sets forth the amount due to party-in-interest Evergreen Credit Union and although there is a slight discrepancy between the amount stated by SunTrust and the amount determined to be owed to Evergreen in Evergreen's successful motion for summary judgment, the court concludes that the amount owed to Evergreen and Evergreen's second priority is adequately established by the prior proceedings in this action. In addition, mediation was not required in this case because it was filed before the mediation requirement became effective.

That leaves two issues: whether SunTrust has demonstrated that the service and notice requirements of § 6111 and the Maine rules have been strictly performed and whether it has offered adequate evidence of the amount due. See M.R.Civ.P. 56(j); Higgins, 2009 ME 136 ¶ 11, 985 A.2d at 511. On these issues the court concludes that the service and notice requirements of the Rules of Civil Procedure have been followed and that the May 4, 2011 notice sent to Mr. Muse (Exhibit E to Jones affidavit) sets forth all the information required by § 6111(1-A). In addition, copies of a certified mail receipt

2

and a separate certificate of mailing by regular mail are attached to Jones Exhibit E. Using either the certificate of mailing date of May 4, 2011 (for regular mail) or the date that the the certified mail receipt was signed (May 7, 2011), Mr. Muse had 35 days in which to cure the default before SunTrust accelerated the debt..

However, SunTrust's statement of material facts and its supporting materials do not adequately establish the amount currently owed to SunTrust. For that amount, SunTrust relies on Jones Affidavit ¶ 7, which in turn is based on Jones Exhibit F. However, Jones Exhibit F contains a number of unexplained handwritten notations that disqualify it from being a business record. In its current form, Exhibit F does not constitute admissible evidence for summary judgment purposes.

Accordingly, SunTrust's supplemental motion for summary judgment is denied.

This case is on the trial list with respect to SunTrust's claim. That claim will be called for trial. There is a pending and unopposed motion to continue filed by SunTrust, but that motion will be denied because it was based on the pendency of the supplemental motion for summary judgment.

This case has been pending for some time. Some of the delay is attributable to SunTrust. See letter from counsel for SunTrust dated December 14, 2010 and SunTrust's motion to continue dated June 16, 2011. Certain other issues that have delayed this case are not attributable to SunTrust. See orders dated November 29, 2010 and January 19, 2011. In any event, it is time to bring this case to a conclusion. Evergreen's claim has already been decided in its favor, and Evergreen need not appear at trial unless it wishes to contest SunTrust's claim in order advance the priority of its second mortgage.

The entry shall be:

The supplemental motion for summary judgment filed by plaintiff SunTrust Mortgage LLC on September 16, 2011 is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

3

Dated: October 14, 2011

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 14 2011

RECEIVED

4

------------------------------------------------------------------------

01 0000008885           BURNS, AARON P
   TWO MONUMENT SQUARE, 9TH FLOOR PO BOX 108 PORTLAND ME 04112
   F    EVERGREEN CREDIT UNION                    PII        RTND    06/20/2011

02 0000008888           DOW, JOSHUA R
   TWO MONUMENT SQUARE, 9TH FLOOR PO BOX 108 PORTLAND ME 04112
   F    EVERGREEN CREDIT UNION                    PII        RTND    05/13/2009

03 0000004364           HIGGINS, NEIL S
   FLAGG LAW, PLLC 93 MIDDLE STREET PORTSMOUTH NH 03801
   F    SUNTRUST MORTGAGE INC                     PL         RTND    04/28/2009