STATE OF MAINE
CUMBERLAND, ss.

BATH SAVINGS INSTITUTION,
                    Plaintiff

        v.

JEFFREY D. THOMPSON,
                    Defendant

and

UNITED STATES OF AMERICA
acting through RURAL HOUSING
SERVICE or successor agency for the
UNITED STATES DEPARTMENT
OF AGRICULTURE and GREATER
BRUNSWICK HOUSING
CORPORATION and STATE OF
MAINE, MAINE REVENUE
SERVICES,
                    Parties-In-Interest

SUPERIOR COURT
Docket No. RE-13-0127

TDW-CUM- 9/4/2013

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 04 2013

RECEIVED

Before the court is Plaintiff Bath Savings Institution's Motion for Summary

Judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et

seq. The Plaintiff's Motion is subject to Rule 56(j), which imposes detailed

requirements for granting summary judgment in foreclosure actions. M.R. Civ. P.

56(j).[1] The court has an independent obligation to ensure compliance with this

---

[1] M.R. Civ. P. 56(j) states, in part:
> No summary judgment shall be entered in a foreclosure action filed
> pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except
> after review by the court and determination that (i) the service and notice
> requirements of 14 M.R.S. § 6111 and these rules have been strictly
> performed; (ii) the plaintiff has properly certified proof of ownership of
> the mortgage note and produced evidence of the mortgage note, the
> mortgage, and all assignments and endorsements of the mortgage note
> and the mortgage; and (iii) mediation, when required, has been completed
> or has been waived or the defendant, after proper service and notice, has
> failed to appear or respond and has been defaulted or is subject to default.

1

rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amend.[2] The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

Having reviewed the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met for the following reasons:

The Plaintiff failed to establish that the Defendant, Jeffrey D. Thompson, is not in military service. *Id.*; *see also* M.R. Civ. P. 55(b)(4). The Plaintiff asserts that the Defendant "is not and has not been in active duty in the armed forces in the last twelve months," but this is not sufficiently supported by an affidavit. *Id.*; (Pl.'s S.M.F. ¶ 16.) Plaintiff cites to Attorney Bruce B. Hochman's affidavit, in which Attorney Hochman asserts that he "ran a check through the Department of Defense website" to verify that Defendant was not in military service. (Hochman Aff. ¶ 10.) A Department of Defense Manpower Data Center Status Report is cited and included in the Hochman Affidavit, but this Status Report shows only the last name "Thompson." (Hochman Aff. Ex. B.) The Defendant's first and middle names are omitted from the report, so it is unclear whether Attorney Hochman's query included only part of the Defendant's name. *Id.*

Also, while Party-in-Interest State of Maine, Maine Revenue Services ("Maine Revenue Services") has submitted an answer, the remaining parties in

---

[2] The advisory committee note states:

> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P. 56(j) advisory committee's note.

2

interest have not responded. (Maine Revenue Servs. Ans.) Plaintiff should request an entry of default for both United States of America, acting through Rural Housing Service, and Greater Brunswick Housing Corporation, demonstrating that notice has been properly served upon both of these parties in interest. M.R. Civ. P. 55(a).

Lastly, the court has concerns regarding the Plaintiff's Draft Judgment. While Plaintiff did state that the claims of the Parties in Interest are junior and subordinate, Plaintiff did not specify the amount that may be due to Maine Revenue Services. *See* 14 M.R.S. § 6322. Maine Revenue Services has submitted an affidavit claiming that it is due $7,146.96 from the Defendant. (Maine Revenue Servs. Aff. ¶5). The Plaintiff also failed to list the pre-judgment and post-judgment interest rates. *See* 14 M.R.S. §§ 1602-B, 1602-C. Additionally, the Draft Judgment states that Bath Savings Institution's "claim for attorney's fees is integral to the relief sought." (Pl.'s Draft J. ¶ 22.) Rule 54(b)(2) provides:

> In an action in which there is a claim for attorney fees, a judgment entered on all other claims shall be final as to those claims unless the court expressly finds that the claim for attorney fees is integral to the relief sought. If the court so finds, any order or other form of decision, however designated, shall not terminate the action as to any claim and is subject to revision at any time before the entry of a final judgment adjudicating all claims including that for attorney fees.

M.R. Civ. P. 54(b)(2). The Plaintiff cannot therefore ask that the court find the attorney's fees integral to the relief sought and also ask that the court enter a final judgment.

Accordingly, the Court **ORDERS** that the Plaintiff's Motion is DENIED without prejudice. The Plaintiff may submit further documentation to cure the defects listed above.

3

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:  September 4, 2013

Hon. Thomas D. Warren
Justice, Superior Court

4

--------------------------------------------------------------------------

01 0000003017           HOCHMAN, BRUCE
    ONE PORTLAND SQUARE 7TH FLOOR   PORTLAND ME 04101
    F      BATH SAVINGS INSTITUTE              PL        RTND    04/01/2013

02 0000002448           WAITE, PAMELA
    6 STATE HOUSE STATION AUGUSTA ME 04333-0006
    F      STATE OF MAINE MAINE REVENUE SERVICES    PII    RTND    04/18/2013