STATE OF MAINE
YORK, ss.

YORK DISTRICT COURT
XSUPERIORXCOURT
CIVIL ACTION
DOCKET NO. RE-09-056
UON-YOR-9/24/2013

THE BANK OF NEW YORK MELLON)
F/K/A THE BANK OF NEW YORK, )
AS TRUSTEE FOR ALTERNATIVE )
LOAN TRUST 2007-4CB, )
MORTGAGE PASS-THROUGH )
CERTIFICATES, SERIES 2007-4CB, )
)
       Plaintiff, )
)     JUDGMENT
    v. )
)
ROBERT J. MCKENNA AND )
NANCY L. MCKENNA, )
)
       Defendant. )
)

I.    Background

Plaintiff has brought this action seeking judgment of foreclosure. Defendant Robert McKenna obtained a loan in the amount of $245,000.00 from First Magnus Financial Corporation. Defendant Robert J. McKenna executed a note in favor of First Magnus Financial Corporation, and Defendants Robert J. McKenna and Nancy L. McKenna executed a mortgage loan in favor of MERS on January 26, 2007. On September 25, 2008, MERS assigned the mortgage to Bank of New York as Trustee for Certificateholders of CWALT, Inc. Asset-Backed Certificates, Series 2007-04CB. Bank of New York Mellon acquired Bank of New York on July 1, 2007. The mortgage was assigned to Plaintiff on November 30, 2012. Defendant Robert J. McKenna failed to make payments due on or after April 1, 2008, and failed to cure default. A bench trial was

1

held on July 11, 2013. Plaintiffs have moved the court to enter a judgment of foreclosure.[1]

II.     Discussion

In order to succeed in a mortgage foreclosure action, the plaintiff must be able to show:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any,
- properly present proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage,
- a breach of condition in the mortgage note, including any reasonable attorney fees and court costs
- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements,
- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements,
- after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules, and
- if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act."

Chase Home Finance LLC v Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, (citations omitted). A party seeking to foreclose must strictly comply with all statutory steps. Id. at ¶21.

Plaintiff has not shown that it strictly complied with the statutory requirements of a properly served notice of default and mortgagor's right to cure. For cases involving the foreclosure of an individual's primary residence, section 6111 requires that the mortgagee provide all mortgagors and all cosigners with notice of the mortgagors' right to cure thirty-five days prior to the acceleration of the loan and the commencement of a

---

[1] Defendants have moved the court to Reopen the Hearing and for Other Relief. The court denies Defendant's request. The parties were afforded a full and fair opportunity to litigate the issues.

2

foreclosure action. 14 M.R.S. § 6111 (2012). Nancy McKenna is a mortgagor, and a codefendant in this foreclosure action. The notice letters provided to by Plaintiff as proof of fulfillment of the statutory notice requirement are addressed solely to Robert McKenna. Because Nancy McKenna was not provided notice, the court finds Plaintiff did not strictly comply with §6111.

III.     Conclusion

Judgment is entered for Defendant.

DATE:     9/24/13

_____
John O'Neil, Jr.
Justice, Superior Court

3

<u>ATTORNEY FOR PLAINTIFFS':</u>
ELIZABETH CROWE, ESQ.
BENDETT & MCHUGH PC
270 FARMINGTON AVENUE, SUITE 151
FARMINGTON, CT 06032

JEFFREY J. HARDIMAN, ESQ.
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET, RI 02860

<u>ATTORNEY FOR DEFENDANTS':</u>
S. JAMES LEVIS, JR., ESQ.
5 WEBHANNET PLACE BOX 12
KENNEBUNK, ME 04043