STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. RE-13-0023
                                                  *NM -CuM- K/19/2013*

MECHANICS SAVINGS BANK,

              Plaintiff
                                                  ORDER ON MOTION FOR
        v.                                        SUMMARY JUDGMENT

SCOTT D. BUCK and LAURIE A.
BUCK,                                             19 NOV 19 PM 12:84
              Defendants


        Before the court is plaintiff Mechanics Savings Bank's motion for summary

judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No

opposition to the motion has been filed.

        The plaintiff's motion for summary judgment is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure actions.

M.R. Civ. P. 56(j). [1] The court is independently required to determine if those

requirements have been met and is also required to determine whether the mortgage

holder has set forth in its statement of material facts the acts necessary for summary

judgment in a residential mortgage foreclosure. Chase Home Fin. LLC v. Higgins, 2009

ME 136, ¶ 11, 985 A.2d 508.

        After review of the file, the court concludes that the requirements for a summary

judgment of foreclosure have not been met for the following reasons. The plaintiff has

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
    No summary judgment shall be entered in a foreclosure action filed pursuant to
    Title 14, Chapter 713 of the Maine Revised Statutes except after review by the
    court and determination that (i) the service and notice requirements of 14 M.R.S. §
    6111 and these rules have been strictly performed; (ii) the plaintiff has properly
    certified proof of ownership of the mortgage note and produced evidence of the
    mortgage note, the mortgage, and all assignments and endorsements of the
    mortgage note and the mortgage; and (iii) mediation, when required, has been
    completed or has been waived or the defendant, after proper service and notice,
    has failed to appear or respond and has been defaulted or is subject to default.

not provided adequate evidence of the alleged breach of the mortgage. 14 M.R.S. § 6322; Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. At summary judgment, the plaintiff must provide evidence of "a breach of condition in the mortgage," and this evidence must be "of a quality that could be admissible at trial." M.R. Civ. P. 56(e); Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. The plaintiff asserts that the defendants failed to "make payment of principal and interest when due (among other things)," and cites Gerald Therrien's affidavit ("Therrien Affidavit"). The plaintiff does not provide a date for the breach of the mortgage. (Pl.'s S.M.F. ¶ 7; Therrien Aff. ¶ 10.) Although Mr. Therrien states that defendants failed to make payments, he does not attach any business records as evidence of the breach and he does not state when the breach occurred. (Therrien Aff. ¶ 10.)

This failure also affects the plaintiff's ability to provide adequate evidence of the amount due on the note. 14 M.R.S. § 6322; Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508; see M.R. Civ. P. 56(e). In its statement of material facts, the plaintiff provides a figure for the amount due from the defendants and cites to paragraph thirteen of the Therrien Affidavit. (Pl.'s S.M.F. ¶ 10.) Mr. Therrien lists the amount due on the note, citing to a "Loan Payoff Statement," which is dated December 7, 2012.[2] (Therrien Aff. ¶ 13.) Mr. Therrien states that the document, "was made at or near the time of the loan default." (Therrien Aff. ¶ 14.); see HSBC Mortgage Servs., Inc. v. Murphy, 2011 ME 59, ¶ 17, 19 A.3d 815; (Pl.'s S.M.F. ¶ 7; Therrien Aff. ¶¶ 10, 14.)

The entry is

Plaintiff's Motion for Summary Judgment is DENIED.

Dated: //·/9·/3

Hon. Nancy Mills
Justice, Superior Court

---

[2] The plaintiff filed its complaint for foreclosure on January 15, 2013. (Pl.'s Compl. 1.)

2

F COURTS
ind County
Street, Ground Floor
, ME 04101

SONIA BUCK ESQ
LINNELL CHOATE & WEBBER
PO BOX 190
AUBURN ME 04212-0190

OF COURTS
erland County
ry Street, Ground Floor
nd, ME 04101

SCOTT BUCK
LAURIE BUCK
PO BOX 1552
WINDHAM ME 04062