STATE OF MAINE
CUMBERLAND, ss

MECHANICS SAVINGS
BANK,

Plaintiff

v.

HEIDI B. SHUMATE,

Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-22?
*NM - CUM- 1/17/2014*

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

Before the court is the plaintiff Mechanics Savings Bank's motion for summary

judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. The

defendant filed an objection to the plaintiff's motion and the plaintiff filed a reply to the

objection.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure actions.

M.R. Civ. P. 56(j). [1] The court is required independently to determine if those

requirements have been met and is also required to determine whether the mortgage

holder has set forth in its statement of material facts the facts necessary to obtain a

summary judgment in a residential mortgage foreclosure. Chase Home Fin. LLC v.

Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508.

The defendant's objection to the motion is also governed by Rule 56. M.R. Civ. P.

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
   No summary judgment shall be entered in a foreclosure action filed pursuant to
   Title 14, Chapter 713 of the Maine Revised Statutes except after review by the
   court and determination that (i) the service and notice requirements of 14 M.R.S. §
   6111 and these rules have been strictly performed; (ii) the plaintiff has properly
   certified proof of ownership of the mortgage note and produced evidence of the
   mortgage note, the mortgage, and all assignments and endorsements of the
   mortgage note and the mortgage; and (iii) mediation, when required, has been
   completed or has been waived or the defendant, after proper service and notice,
   has failed to appear or respond and has been defaulted or is subject to default.

56(h)(2). Rule 56 requires the opponent to submit a "separate, short, and concise opposing statement" that includes record citations to support each denial or qualification of the facts asserted in the movant's statement of material facts. M.R. Civ. P. 56(h).

After review, the court concludes that even though the defendant did not comply with Rule 56,[2] the plaintiff has not satisfied the requirements to obtain a summary judgment of foreclosure. First, the plaintiff failed to present proof of ownership of both mortgage notes and both mortgages. Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. The plaintiff asserted the defendant executed and delivered two promissory notes, a mortgage, and a home equity line mortgage to the plaintiff. (Pl.'s S.M.F. ¶¶ 1-3, 12-13.) The plaintiff cited to Gerald Therrien's affidavit as support for these assertions. Mr. Therrien included copies of one note and mortgage, however, and not the second note or the home equity line mortgage. (Therrien Aff. ¶¶ 4-5, 15-16.); see Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508.

The plaintiff also failed to provide evidence of the alleged breach of the mortgage and the home equity line mortgage. Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508; see M.R. Civ. P. 56(e). The plaintiff asserted that the defendant did not make the monthly payments required by the first note and the mortgage, citing to Mr. Therrien's affidavit, but the plaintiff did not allege a breach of the second note or the home equity line mortgage. (Pl.'s S.M.F. ¶ 7.) Further, although Mr. Therrien stated that the defendant did not make the monthly payments required by the first note and mortgage, he did not attach any business records as evidence of the breach. (Therrien Aff. ¶ 10.)

---

[2] The defendant did not support her general denial of the plaintiff's factual assertions with record citations. (Def.'s Obj. 1.)

Finally, the plaintiff did not provide adequate evidence of the amount due on the two notes. Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. To support a motion for summary judgment, the plaintiff must provide evidence of "the amount due on the mortgage note," and this evidence must be "of a quality that could be admissible at trial." Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508; see M.R. Civ. P. 56(e). In its statement of material facts, the plaintiff provided figures for the amount due on the notes. (Pl.'s S.M.F. ¶¶ 10, 15; Therrien Aff. ¶¶ 13, 18.) Mr. Therrien listed the amount due on the notes, and cited to a "loan payoff statement" or "statement of account" for each note. (Therrien Aff. ¶¶ 13, 18.)   Because these documents appear to have been created in anticipation of litigation,[3] they do not meet the foundational requirements of M.R. Evid. 803(6) required to establish the amount due on the notes.  See HSBC Mortgage Servs., Inc. v. Murphy, 2011 ME 59, ¶ 17, 19 A.3d 815; (Therrien Aff. Exs. D, E).

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Dated: ___1-7.14___          _____
                             Nancy Mills
                             Justice, Superior Court

---

[3] Mr. Therrien stated the statements of account "were made at or near the time of the loan default" but the plaintiff does not provide a date for the default. (Therrien Aff. ¶¶ 14, 19.)

OF COURTS
land County
Street, Ground Floor
, ME 04101

SONIA BUCK ESQ
LINNELL CHOATE & WEBBER
PO BOX 190
AUBURN ME 04212-0190

K OF COURTS
berland County
ury Street, Ground Floor
and, ME 04101

HEIDI SHUMATE
45 TANNERY RD
SOUTHWICK MA 01077