985 A.2d 1 (2009)
2009 ME 120
DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee, in trust for the registered Holders of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series ARSI 2006-M3
v.
Joanna RAGGIANI et al.
Docket: Cum-08-713.
Supreme Judicial Court of Maine.
Argued: November 9, 2009.
Decided: December 8, 2009.
*2 Andrew J. Kull, Esq. (orally) Auburn, ME, for Joanna and Vincenzo Raggiani.
Jeffrey J. Hardiman, Esq., Bendett & McHugh, P.C., Farmington, CT, Samuel M. Sherry, Esq. (orally) Kelli P. Gardner, Esq., Metropolitan Legal Center, PA, Portland, ME, for Deutsche Bank National Trust Company.
Panel: SAUFLEY, C.J., ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.
LEVY, J.
[¶ 1] Joanna and Vincenzo Raggiani appeal from entry of a summary judgment by the District Court (Portland, Eggert, J.) in favor of Deutsche Bank National Trust Company on the Bank's complaint for foreclosure and sale of the Raggianis' home pursuant to 14 M.R.S. §§ 6321-6325 (2008). On appeal, the Raggianis contend that a genuine issue of material fact exists regarding whether: (1) the Bank is the proper holder of the note and mortgage; (2) the current amount due on the note and mortgage has been established; and (3) certain affirmative defenses raised by the Raggianis render the note and mortgage unenforceable. We vacate the judgment because we conclude the summary judgment record failed to establish that the Bank is the holder of the Raggianis' note and mortgage.

I. BACKGROUND
[¶ 2] In July 2006, the Raggianis executed and delivered a promissory note in the principal amount of $760,000 to Argent Mortgage Company. This note was secured by a mortgage on the Raggianis' real property located in Falmouth and was delivered to Argent Mortgage. On August 1, 2007, the Raggianis defaulted on the note and mortgage by failing to make a monthly payment.
[¶ 3] The Bank filed a complaint for foreclosure and then moved for the entry of a summary judgment. The Bank asserted in its statement of material facts that it was the current holder of the note and mortgage, but cited only to its unverified complaint[1] as support for this fact.[2] The Raggianis' opposing statement controverted the Bank's ownership of the note and mortgage and claimed that the Bank's record citations were insufficient. In their opposing memorandum they also asserted several affirmative defenses.[3]
[¶ 4] Eventually, at a hearing before the District Court on the Bank's motion for summary judgment, the Bank, over objection by the Raggianis, was permitted to admit into evidence a copy of an assignment of Argent Mortgage Company's interest in the Raggianis' note and mortgage *3 to the Bank. The assignment was not within the summary judgment record, but the court explicitly considered it in concluding that the Bank was entitled to a summary judgment. The Raggianis filed this appeal.

II. DISCUSSION
[¶ 5] The issue presented is whether the Bank established it was the holder of the Raggianis' note and mortgage. We review a grant of summary judgment de novo, Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575, considering "only the portions of the record referred to, and the material facts set forth in the [M.R. Civ. P. 56(h)] statements." Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 4, 770 A.2d 653, 655 (quotation marks omitted). "We will affirm a grant of summary judgment if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." Picher v. Roman Catholic Bishop of Portland, 2009 ME 67, ¶ 7, 974 A.2d 286, 289 (quotation marks omitted). A fact is considered material if it has the "potential to affect the outcome of the suit." Burdzel, 2000 ME 84, ¶ 6, 750 A.2d at 575.
[¶ 6] The Bank cited only to its unverified complaint to support the fact that it was the holder of the Raggianis' note and mortgage. The Raggianis properly controverted this fact by denying it, and supported their denial with appropriate citation to the record presented on the summary judgment motion. See M.R. Civ. P. 56(h)(2). Pursuant to M.R. Civ. P. 56(h)(1) each material fact asserted "shall be supported by a record citation...." Record citations, however, must be to "record material properly considered on summary judgment." M.R. Civ. P. 56(h)(4). A party's citation to its own complaint is insufficient to support a material fact. See Levine, 2001 ME 77, ¶ 8, 770 A.2d at 656; see also Beaulieu v. Aube Corp., 2002 ME 79, ¶ 30 n. 14, 796 A.2d 683, 692. Thus, the Bank's record citation failed to support the Bank's factual assertion that it was the holder of the note and mortgage.
[¶ 7] The Bank contends that separate from its record citation to its original complaint, the entry of a summary judgment was supported by the copy of an assignment recorded in the Cumberland County Registry of Deeds. That document was not a proper part of the summary judgment record because it was first introduced at the summary judgment hearing in the District Court. A court may consider "only the portions of the record referred to, and the material facts set forth, in the Rule [56(h)] statements." Quirion v. Geroux, 2008 ME 41, ¶ 9, 942 A.2d 670, 673 (quotation marks omitted). "The court is neither required nor permitted to independently search a record to find support for facts offered by a party." Levine, 2001 ME 77, ¶ 9, 770 A.2d at 656; see also Camden Nat'l Bank v. Peterson, 2008 ME 85, ¶ 26, 948 A.2d 1251, 1258 (holding District Court erred in granting summary judgment to bank in foreclosure action where court considered deposition transcripts filed long after parties' statement of material facts). In the unique setting of summary judgment, strict adherence to the Rule's requirements is necessary to ensure that the process is both predictable and just. Even when a hearing is held in a summary judgment motion, the only record that may be considered is the record created by the parties' submissions.
[¶ 8] The Bank's failure to establish that it is the proper holder of the Raggianis' note and mortgage pursuant to Rule 56 creates a genuine issue of material fact. As we have previously held, "[f]or a mortgagee to legally foreclose, all steps *4 mandated by statute must be strictly performed." Peterson, 2008 ME 85, ¶ 21, 948 A.2d at 1257; see also Cadle Co. v. LCM Assocs., 2000 ME 73, ¶ 7, 749 A.2d 150, 152 (stating that civil foreclosures require "strict adherence to the statutory mandates"). Because a genuine issue of material fact exists as to whether the Bank is the proper holder of the note and mortgage, we do not address the merits of the Raggianis' other arguments.
NOTES
[1] The Raggianis had filed an answer to the complaint that denied this assertion of ownership.
[2] The relevant paragraph of Deutsche Bank National Trust Company's statement of material facts asserting the Bank's ownership of the note and mortgage states: "Plaintiff is the current holder of the Note and Mortgage. See ¶ 9, Complaint." In their denial, the Raggianis cited to Joanna Raggiani's affidavit which explained that the only lender the Raggianis had dealt with was Argent Mortgage and that she, Joanna, had "no idea" who the Bank was.
[3] The affirmative defenses asserted in the Raggianis' opposing memorandum included: (1) actual fraud; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) violation of the Maine Unfair Trade Practices Act; (5) violation of the Maine Consumer Credit Code; (6) violation of the Truth In Lending Act, 15 U.S.C.S. § 1601-1667f (LexisNexis 2005 & Supp.2009); and (7) violation of the Real Estate Settlement Procedures Act, 12 U.S.C.S §§ 2601-2617 (LexisNexis 2009).