STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                DOCKET NO: RE-09-234

                                                *RAC CUM 12/2011*


MAINE STATE HOUSING
AUTHORITY,

                    Plaintiff,
                                                ORDER ON PLAINTIFF'S MOTION
          v.                                    FOR SUMMARY JUDGMENT

ROBERT W. WORCESTER, JR.                        (Title to Real Estate is Involved)

                    Defendant

                                                STATE OF MAINE
and                                             Cumberland ss.


EVERGREEN CREDIT UNION and                      FILED
FORD MOTOR CREDIT CO., LLC

                                                RECEIVED
               Parties-in-Interest



          Plaintiff Maine State Housing Authority moves for summary judgment in

its foreclosure action against defendant Robert W. Worcester, Jr. The record

shows that Mr. Worcester executed and delivered a promissory note in the

principal amount of $105,700.00 to Downeast Mortgage Corporation on

September 17, 2001. (Supp. S.M.F. ¶ 1.) The note was secured by a mortgage on

property at 1 George Street in Westbrook, Maine. (Supp. S.M.F. ¶ 2.) The

mortgage was recorded in the Cumberland Registry of Deeds. (Supp. S.M.F. ¶ 3.)

On the day Mr. Worcester executed the note and mortgage in favor of Downeast,

Downeast assigned its rights under the documents to the Maine State Housing

Authority (MSHA). (Supp. S.M.F. ¶ 4; Vittali Aff. ¶ 5, Ex. C.)

          While not included in the plaintiff's statement of material facts, the

complaint indicates that a second recorded mortgage in the subject property was

                                    1

executed in favor of party-in-interest Evergreen Credit Union on April 23, 2005. (Amended Compl. ¶ 9(a).) Also, party-in-interest Ford Motor Credit Company, LLC, recorded a writ of execution against the property, dated October 8, 2009. (Amended Compl. ¶ 9(b).)

Mr. Worcester is currently in default of the payment terms of his mortgage note with MSHA. (Supp. S.M.F. ¶ 5.) Graystone Solutions, Inc., mailed Mr. Worcester a letter dated September 8, 2009, informing that that he had breached the terms of his mortgage dated September 17, 2001, had thirty days to cure the breach, and that Graystone Solutions had the right to foreclose under the mortgage.[1] (Vittali Aff. Ex. D.) It filed its initial complaint in this action on December 2, 2009. Mr. Worcester has not filed an answer or other defense. MSHA now moves for summary judgment.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. "In the unique setting of summary judgment, strict adherence to the Rule's requirements is necessary to ensure that the process is both predictable and just." *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1, 3. Before issuing a foreclosure judgment, the court has a duty to independently review the record and determine that the service and notice requirements of 14 M.R.S. § 6111 "have been strictly performed;" that the plaintiff owns the mortgage note

---

[1] The plaintiff has not included this information in its statement of material facts, or directed the court to any material indicating Graystone Solutions, Inc.'s relationship to this case. The statement of facts instead states that Mr. Worcester "was provided with the default and cure notice required by 14 M.R.S.A. § 6111(5)" and concludes that the plaintiff "has complied with the applicable dictates of 14 M.R.S.A. § 6111(5) as the same was in effect as of the commencement of this action." (Supp. S.M.F. ¶¶ 6–7.)

and has "produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and mortgage;" and that mediation has been completed where required. M.R. Civ. P. 56(j) (2010); *see* M.R. Civ. P. 55(a)(1) (2010) (court's duty before entry of default). This review is limited to the facts the plaintiff places in its statement of material facts, and the court may not independently search the record for additional facts or evidence. *Levine*, 2001 ME 77, ¶ 9, 770 A.2d at 656.

After examining the record, the court must deny the plaintiff's motion on two separate grounds. First, while MSHA's statement of facts does assert the legal conclusion that its mortgage is senior to the interests of Evergreen and Ford, it has not indicated "the order of priority and any amounts that may be due" those other parties in interest. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 511 (citing 14 M.R.S. § 6322; *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705). A plaintiff must prove both the order of priority and the amount likely owed to third parties before obtaining a foreclosure judgment. *Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705.

The second ground for denial concerns the notice of default sent to Mr. Worcester. The plaintiff correctly states that section 6111(5), which excepts certain mortgages from the notice requirements of section 6111(1), was still the law when this action was initiated. However, the plaintiff's statement of material facts does not indicate which of the three exceptions its mortgage falls under, or where the court should look in the mortgage to verify this claim. The court cannot search the record to guess at the basis for the plaintiff's asserted conclusion that its mortgage was exempt from section 6111 and that the statute was satisfied.

3

If the court were to step beyond its constraints and search the record, it would find that the plaintiff had apparently not complied with either section 6111 or the notice provisions contained in the mortgage. Section 6111(5)(B) removes certain statutory notice requirements if a mortgage "contains a requirement that a reinstatement notice . . . be given to the mortgagor at least [thirty] days" before acceleration of the debt, provided the mortgagee actually gives such notice. 14 M.R.S. § 6111(5)(B) (2009) (repealed by P.L. 2009, ch. 476, § A-2, effective Feb. 24, 2010). The mortgage itself likewise requires the lender to send the mortgagee a notice of default before declaring the entire debt due and seeking a foreclosure. (Vittali Aff. Ex. B at 10, 12.)

MSHO was the mortgagor and lender, but there is no indication that it ever notified Mr. Worcester that he was in default. Instead, Graystone Services sent Mr. Worcester a notice indicating that Graystone had the right to initiate a foreclosure action. (Vittali Aff. Ex. D.) The plaintiff has not explained Graystone's relationship to the mortgage, or how its letter could satisfy section 6111(5)(B)'s requirement that the mortgagee provide notice pursuant to the terms of the mortgage document.

**The entry is:**

Maine State Housing Authority's motion for summary judgment is denied.

DATE: _Febury 9, 2011_

Roland A. Cole
Justice, Superior Court

-----------------------------------------------------------------------

01 0000007306        FITZPATRICK, TERESE
     62 PORTLAND ROAD, SUITE 1 KENNEBUNK ME 04043
     F      FORD MOTOR CREDIT COMPANY              DEF      RTND   04/23/2010

02 0000002051         HAENN, MICHAEL S
     88 HAMMOND STREET 3RD FLOOR PO BOX 915 BANGOR ME 04402-0915
     F     MAINE STATE HOUSING AUTHORITY           PL       RTND   12/02/2009

03 0000008888         DOW, JOSHUA R
     TWO MONUMENT SQUARE, 9TH FLOOR PO BOX 108 PORTLAND ME 04112
     F     EVERGREEN CREDIT UNION                   DEF      RTND   04/07/2010