STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-12-0246

*N/M - CUM - 10/31/2013*

TD BANK, N.A.,

      Plaintiff

v.

LESLIE G. MCCRILLIS,

      Defendant

ORDER ON MOTION FOR
SUMMARY JUDGMENT

Before the court is plaintiff TD Bank, N.A.'s motion for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court is required independently to determine if those requirements have been met and whether the mortgage holder has set forth in its statement of material facts the facts necessary to obtain a summary judgment on a complaint for residential mortgage foreclosure. Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508.

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:

    No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

The requirements have not been satisfied for the following reasons. The plaintiff fails to list correctly the address of the mortgaged premises in its statement of material facts. 14 M.R.S. § 6321; Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. Plaintiff asserts that the "mortgaged real estate is located at 16 Park Hill Road," and cites Adam Bean's affidavit. (Pl.'s S.M.F. ¶ 2.) Mr. Bean provides an address of 16 Parker Hill Road, which is the address listed in the attached mortgage. (Bean Aff. ¶ 3; Ex. B.)

Additionally, the plaintiff has not provided evidence of the alleged breach of the mortgage. 14 M.R.S. § 6321; Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508. On a motion for summary judgment, the plaintiff must provide evidence of "a breach of condition in the mortgage," and this evidence must be "of a quality that could be admissible at trial." Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508; see M.R. Civ. P. 56(e). The plaintiff cites paragraph seven of Mr. Bean's affidavit and asserts that the defendant is in default on the note and has breached the mortgage by her failure to make thirty-four payments, (Pl.'s S.M.F. ¶ 6.) Mr. Bean states that the defendant failed to make the payments, but does not attach any business records that substantiate this assertion. (Bean Aff. ¶ 7.) Because Mr. Bean states that his knowledge of the facts stated in the affidavit is "derived from [his] personal knowledge of [the plaintiff's] records," he must provide the court with the business records that reflect the breach. (Bean Aff. ¶¶ 1, 7); see M.R. Civ. P. 56(e); Chase Home Fin., 2009 ME 136, ¶ 11, 985 A.2d 508.

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Dated: **10·31·13**

_____
Hon. Nancy Mills
Justice, Superior Court

2

: OF COURTS
erland County
ry Street, Ground Floor
nd, ME 04101

LESLIE MCCRILLIS
16 PARKER HILL RD
GORHAM ME 04038

)F COURTS
land County
Street, Ground Floor
d, ME 04101

STEHANIE WILLIAMS ESQ
PERKINS THOMPSON
PO BOX 426
PORTLAND ME 04112-0426