ENTERED SEP 2 4 2014

**STATE OF MAINE**
**CUMBERLAND, ss.**

**DISTRICT COURT**
**Location: PORTLAND**
**Docket No. RE-13-264**

CUM-PJG-09-09-14

FEDERAL NATIONAL
MORTGAGE ASSOC.,

Plaintiff

V.

REBECCA A. LATHROP,

Defendant

**ORDER ON MOTION FOR**
**SUMMARY JUDGMENT**

STATE OF MAINE
Cum... Clerk's Office

SEP 09 2014

RECEIVED

Before the Court is Plaintiff's (Federal National Mortgage Association (FNMA)), for Motion for Summary Judgment in an action for foreclosure brought pursuant to 14 M.R.S. §§ 6321-6325 (2013) against the Defendant, Rebecca A. Lathrop. Defendant did not file a response to the Plaintiff's Motion nor has she defended against or appeared in the matter. However, because FNMA failed to establish or provide evidence of (1) a breach of condition in the mortgage, (2) the amount due on the note, (3) the order of priority, (4) evidence of a properly served notice in compliance with 14 M.R.S. § 6111 (2013), (5) proof of completed mediation or waiver, and (6) whether or not the defendant is in the military, the motion for summary judgment is denied. *See Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. Furthermore, the mortgage and assignment produced by FNMA demonstrate that it lacks standing to pursue the foreclosure of the subject property, *see Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 12-17, --- A.3d ---, and is not the real party-in-interest. As such, FNMA has sixty (60) days to join or substitute the real party-in-interest or the case will be dismissed without prejudice.

Plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The Court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its statement of material facts the evidence necessary for summary judgment in a residential mortgage foreclosure. *See Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the Motion and affidavits cited to, the Court concludes that the requirements for a summary judgment have not been met because there remains a genuine issue of material fact regarding six of the elements necessary to support a judgment of foreclosure and sale. *See Greenleaf*, 2014 ME 89, ¶ 18, --- A.3d --- (citing to *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508) (listing the elements of proof necessary to support a judgment of foreclosure).

First, FNMA has not demonstrated that the affiant, Shawann Hampton, is qualified to introduce records regarding Lathrop's default or the amount due on the note. *See* M.R. Evid. 803(6); M.R. Civ. P. 56(e); *Beneficial Me., Inc. v. Carter*, 2011 ME 77, ¶¶ 14-16, 25 A.3d 96; (Hampton Af. ¶¶ 5, 7, 8). FNMA was not assigned the mortgage until March 25, 2013, after Lathrop allegedly defaulted in December 2011. (Pl. SMF ¶¶ 6,7; Hampton Af. ¶¶ 4, 5.) It is unclear from the record when FNMA began keeping its own records of Lathrop's payments and the extent to which Hampton is relying on records that were created by entities other than

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

2

FNMA. Hampton's averment that it is the "regular practice of all previous holders and servicers of the [n]ote and [m]ortgage referenced to make and keep such records in maintaining the account" is insufficient to admit documents created by other entities or documents created by FNMA that integrate information contained in documents received from other entities. *See Carter*, 2011 ME 77, ¶¶ 14-16, 25 A.3d 96. Hampton does not identify the previous "holders and servicers" from which FNMA has received records or provide any foundation for his assertions that these entities kept the records in their "regular practice." (Hampton Af. ¶ 1.) Nor does Hampton aver that the documents were accurately kept by these prior entities or provide any details regarding how the documents were integrated into FNMA's records and checked for accuracy. Thus, Hampton's affidavit is insufficient to support the admission of the documents demonstrating Lathrop's alleged default or the amount due on the note and, by extension, any averments Hampton makes regarding those issues. *See Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508; *HSBC Mortg. Serv. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 (emphasizing that a party's assertion of material facts must be supported by record references that are of a quality that would be admissible at trial because "the affidavits [submitted in residential foreclosure cases are] largely derivative because [they are] drawn from a business's records, and not from the affiant's personal observation of events").

Regardless of the admissibility of any business records regarding Lathrop's alleged default and the amount due on the note, no documents were cited to for these propositions in either FNMA's statement of material facts or Hampton's affidavit. Paragraph Seven of FNMA's Statement of Material Facts asserts that the defendant is in default and cites to Paragraph Five of

3

the Hampton affidavit.[2] The Hampton affidavit mirrors the assertion contained in the Statement of Material Facts but does not cite to any records. This is insufficient to support the assertion of default. *See Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815. Likewise, Paragraph Nine of FNMA's Statement of Material Facts cites to Paragraph Eight of the Hampton affidavit to support the amount owed on the note. However, Paragraph Eight of the Hampton affidavit contains no citation to any document or record to support the amount claimed. *See id.* Copies of some financial records were submitted with the Motion for Summary Judgment, but they are not cited to and therefore are not part of the summary judgment record. *See* M.R. Civ. P. 56.

In addition, FNMA's Statement of Material Facts does not contain a statement regarding the Defendant's military status, which is required because the Defendant has not appeared in the matter.[3] *See Lubar v. Connelly*, 2014 ME 17, ¶ 37, 86 A.3d 642; *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 22, 28 A.3d 1158 ("Facts not set forth in the statement of material facts are not in the summary judgment record even if the fact in question can be gleaned from affidavits or other documents attached to, and even referred to in portions of, a statement of material fact."); *see also Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

Also, FNMA's assertion of superior priority is does not contain a proper record citation. *See* M.R. Civ. P. 56; (Pl. SMF ¶ 16.) FNMA cites to a copy of the mortgage to establish its priority but does include any citation indicating that it at any time searched the registry of deeds to determine the priority of any other possible lienholders. Without such a statement, it is impossible to verify FNMA's priority position.

---

[2] Paragraph seven also cites to FNMA's complaint to support its assertion that Lathrop defaulted under the terms of the mortgage. However, "[a] party's citation to its own complaint is insufficient to support a material fact." *Deutsche Bank Nat. Trust Co. v. Raggiani*, 2009 ME 120, ¶ 6, 985 A.2d 1.

[3] The affidavit submitted by FNMA's attorney does state that the Defendant is not currently in the military and attaches the appropriate record support, but this is insufficient to establish the fact because all material facts must be included in the statement of material facts. *See HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 22, 28 A.3d 1158.

4

FNMA also did not provide "evidence of [a] properly served notice of default and mortgagor's right to cure in compliance with statutory requirements." *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. The Notice of Default sent to the Defendant, dated June 12, 2013, informs the Defendant that "[i]f the default is not cured by August 1, 2013, the payment due for that date must also be included" in the amount necessary to cure the Defendant's default. (Pl. SMF 8; Hampton Af. ¶ 6; Ex. D.) This statement does not comply with the statutory requirements of 14 M.R.S. § 6111, which "effectively freezes" additions to the amount necessary to cure the default. *Greenleaf*, 2014 ME 89, ¶ 31, --- A.3d ---. By stating that the August 1, 2013 payment must be "included," the letter indicates that that amount is necessary in order to cure the default and therefore runs afoul of 14 M.R.S. § 6111 and the *Greenleaf* decision.

Furthermore, with regard to compliance with the statutory mediation program, *see* 14 M.R.S. § 6321-A (2013), FNMA's Statement of Material Facts provides:

> 15. Mediation, if required, has been completed, waived, or borrower(s) are not appearing [sic]. For proof of completion, waiver, or default or mediation, or affidavit that mediation was not required, see [p]aragraph 3 of the Affidavit of Attorney.

(Pl. SMF ¶ 15.) This Paragraph, however, fails to assert anything all. Either mediation was completed or it was waived and this Paragraph fails to state which occurred. The Court will not search the record to determine the mediation status. *See Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

Finally, as FNMA's Statement of Material Facts allege, FNMA is currently the "holder of [Lathrop's] mortgage . . . by virtue of an Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., acting solely as the nominee for First Horizon Home Loan Corporation." (Pl. SMF ¶ 6; Ex. C.) The assignment from MERS to FNMA is the only assignment contained in the record. The mortgage at issue lists First Horizon Home Loan

Corporation as the lender and MERS as the "nominee." (Ex. B.) The mortgage contains the same language as the mortgage in *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 13, --- A.3d ---. Applying the Law Court's reasoning in *Greenleaf*, because MERS possessed only a limited interest in the mortgage, it could not have transferred the "owner[ship]" interest to FNMA required to establish standing to seek foreclosure of Lathrop's mortgage. As such, FNMA lacks standing and is not the real party in interest. Pursuant to M.R. Civ. P. 17(a), FNMA has sixty (60) days to join or substitute the real party in interest, the owner of the mortgage, or the case will be dismissed without prejudice.

**The entry shall be:**

The Plaintiff's Motion for Summary Judgment is denied. The Plaintiff is to join or substitute the real party in interest within 60 days of this order or the action will be dismissed without prejudice. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 4/5/14

Hon. Peter J. Goranites
Judge, District Court

6

JEFFREY J. HARDIMAN, ESQ — Plaintiff Counsel
SHECHTMAN, HALPERIN & SAVAGE, LLP.
1080 MAIN STREET
PAWTUCKET, RI. 02860

REBECCA A. LATHROP — Defendant (Pro Se)
500 FOREST AVENUE, SUITE 7
PORTLAND, ME. 04103