STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 21 2014

RECEIVED

SUPERIOR COURT
CIVL ACTION
Docket No. RE-14-138
CUM-TDW-10-20-14

MECHANICS SAVINGS BANK,
                    Plaintiff,

v.

**ORDER ON MOTION FOR
SUMMARY JUDGEMENT**

JAMES R. RICE,
                    Defendant

MECHANICS SAVINGS BANK,
HANCOCK LUMBER COMPANY,
PEOPLE'S UNITED BANK,
CACH LLC,
LATINI COMPANY LLC,
MAINE PUBLIC UTILITIES COMISSION,
MIDLAND FUNDING, LLC,
APPLICATOR SALES & SERVICE,
MAINE REVENUE SERVICE,
JORDAN LUMBER COMPANY, INC.,
And
RESMAC, INC.,
                    Parties-in-interest

Before the court is a motion by the plaintiff, Mechanics Savings Bank, for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321-6325 (2013). Neither the defendant, James R. Rice, nor any of the parties in interest filed an opposition to the plaintiff's motion. However, for the reasons discussed *infra*, the plaintiff has not established that it is entitled to a summary judgment of foreclosure and sale. Accordingly, the plaintiff shall have forty-five (45) days to submit supplemental evidence to remedy the deficiencies in its motion.

Additionally, any party in interest that has not submitted evidence of its interest in the real property subject to this action is hereby ordered to submit such evidence within 30 days of this order or its interest in the property shall not be included any the final judgment that may

result from the plaintiff's motion. *See* 14 M.R.S. § 6322 (stating that "the court shall determine . . . the order of priority and those amounts, if any, that may be due to other *parties that may appear*" (emphasis added)). The parties in interest should submit affidavits confirming the amount due to them.

I.     Summary Judgment

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its statement of material facts the evidence necessary for a judgment in a residential mortgage foreclosure. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508).

After reviewing the plaintiff's motion, the court concludes that the requirements for a summary judgment of foreclosure have not been met for multiple reasons. First, the affiant, Gerald Therrien, failed to establish the factual foundation necessary for admission of the loan payoff statement, the account statement, and the notice of the mortgagor's right to cure. *See* M.R. Evid. 803(6); M.R. Civ. P. 56(e); *Greenleaf*, 2014 ME 89, ¶ 25, 31, 96 A.3d 700 (setting forth the foundation a qualified witness must establish with regard to each record); *HSBC Mortg.*

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

2

*Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 ("A party's assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial."). Without the admission of these records the plaintiff cannot demonstrate compliance with 14 M.R.S. § 6111 (2013) or establish the amount due on the note and mortgage. *See Beneficial Me., Inc. v. Carter*, 2011 ME 77, ¶ 17, 25 A.3d 96.

M.R. Evid. 803(6) governs the admissibility of business records and requires a qualified witness[2] to attest that:

> 1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
>
> (2) the record was kept in the course of a regularly conducted business;
>
> (3) it was the regular practice of the business to make records of the type involved; and
>
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700.

The affidavit submitted by Therrien fails to establish that the "loan payoff statement and [the] account statement," which Therrien relied on to determine the amount due, were "made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein."[3] *Id.*; (Supp. S.M.F. ¶ 12;

---

[2] Although the court accepts Therrien's averment that he is a qualified witness based on his position as the "Collection/Workout Manager" at Mechanic Savings Bank, in the future it would be better practice to include a description of Therrien's dutiess and familiarity with and/or involvement in the Bank's record keeping practices. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 26, 96 A.3d 700.

[3] Therrien did aver that "these records (the note and mortgage, which are attached hereto as Exhibits A and B, respectively) were made at or near the time the loan was made, by or from information transmitted by person with knowledge of the loan records." (Therrien Aff. ¶ 2.) This statement, however, appears to be confined to the note and mortgage alone. The account statement and loan payoff statement are addressed in a separate paragraph of the

3

Therrien Aff. ¶ 15.) Furthermore, Therrien makes no assertions regarding the preparation and retention of the notice of the mortgagor's right to cure. For these reasons, Therrien failed to establish the foundation necessary to admit the records upon which he relies. As these records and Therrien's affidavit are the only evidence cited in support of the Plaintiff's statement of material fact regarding the amount due and compliance with the notice requirements of 14 M.R.S. § 6111, the plaintiff failed to establish these necessary elements of proof.[4] *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Carter*, 2011 ME 77, ¶ 17, 25 A.3d 96; (Supp. S.M.F. ¶¶ 9, 14).

Additionally, if the court were to consider Therrien's averments regarding the amount due and the records submitted to support that those statements, it is not clear to the court that the plaintiff is entitled to a "discharge fee and forbearance amount" of $63,299.53. (Supp. S.M.F. ¶ 11; Therrien Aff. ¶ 14; Pl.'s Ex. D.) The note, and modification of the note, do not provide for a discharge fee and forbearance amount. (Pl. Ex. A.) The modification agreement indicates that all past due amounts and arrearages were capitalized into a "modified principal balance" of $307,600 on June 23, 2010. (Pl.'s Ex. A.) At that time, "all unpaid late charges that remain[ed]" were waived. (Pl.'s Ex. A.) The modification agreement indicates that it "supersedes the terms of any . . . forbearance plan or workout plan that [the defendant] previously entered into with Lender." (Pl. Ex. A.) Additionally, the terms of the mortgage specifically prohibit the

---

affidavit that does not contain a similar averment regarding the time at which the record was made or what knowledge the person making the record possessed. (*See* Therrien Aff. ¶ 15.)

[4] The plaintiff also cites to an affidavit submitted by counsel for the proposition that it strictly complied with the requirements of 14 M.R.S. § 6111 (2013). (Pl.'s Supp. S.M.F. ¶ 29.) However, counsel's affidavit does not lay the appropriate foundation for admission of the notice as a business record (Buck Aff. ¶ 9). *See* M.R. Evid. 803(6). Furthermore, counsel's reference to the notice attached to the complaint likewise fails to ensure admission of the notice. *See Deutsche Bank Nat. Trust Co. v. Raggiani*, 2009 ME 120, ¶ 6, 985 A.3d 1 ("A party's citation to its own complaint is insufficient to support a material fact.")

4

imposition of a discharge fee.[5] (Pl.'s Ex. B ¶ 23.) Without an adequate explanation for the $63,299.53 "discharge fee and forbearance amount," as well as supporting records evidencing the basis for the amount, there remains a genuine issue of material fact regarding the amount due and the court cannot grant a summary judgment.[6] *See HSBC Bank U.S.A., N.A v. Gabay*, 2011 ME 101, ¶ 18, 28 A.3d 1158 (stating that summary judgment is precluded where a genuine issue of material fact remains).

Finally, the plaintiff's statements of material fact regarding "the order of priority and any amounts that may be due to other parties in interest" are not "supported by record references to evidence that is of a quality that would be admissible at trial." *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Lubar v. Connelly*, 2014 ME 17, ¶ 38 & n. 12, 86 A.3d 642; *Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815; *see also* M.R. Civ. P. 56(e). This deficiency is due in part to the failure of many of the parties in interest to appear or to file affidavits evidencing their interest in the property and the amount due. The plaintiff's statements of material fact regarding the amount owed to each party in interest cites only to Therrien's affidavit. (*See* Supp. S.M.F. ¶¶ 14-24; Therrien Aff. ¶¶ 17-27.) Therrien does not, and cannot credibly claim, to have personal knowledge of the liens held by each party in interest,[7] nor can he claim knowledge of whether those liens remain unpaid.

The plaintiff could have cited to any affidavits filed by the parties in interest to support its statements of material fact. However, in this case, many of the parties in interest who have

---

[5] The mortgage provides that the borrower "will not be required to pay Lender for this discharge, but [borrower] will pay all costs of recording the discharge in the proper official records." (Pl.'s Ex. B ¶ 23.)

[6] In addition, the plaintiff should submit and cite to records evidencing payments the defendant made or failed to make on the loan in order to establish the plaintiff's default.

[7] The plaintiff also claims to hold a second priority mortgage on the property. Therrien's affidavit, with the relevant records, could be sufficient to establish the existence, priority, and amount owed regarding that lien if Therrien lays the appropriate foundation regarding those records.

5

appeared failed to file affidavits evidencing their interest in the property and verifying the amount due. The court is not persuaded that all of these liens remain unpaid in the absence of an affidavit from the party in interest stating so. Thus, any parties that have not yet filed an affidavit with the court have thirty days to do so in order to establish the existence of their lien and the amount due. Without an affidavit evidencing the existence of an unpaid lien on the property the court will not include those parties in any judgment. Thus, if after the expiration of the thirty-day period, a party in interest has not filed an affidavit, the plaintiff need not include that party in interest in any supplemental statement of material facts it files.

Any named parties in interest who have not appeared will be defaulted in any foreclosure judgment that is entered.

**The entry shall be:**

Plaintiff's motion for summary judgment is denied without prejudice to the submission by plaintiff of additional affidavits to remedy the deficiencies noted in this order. All other parties shall have 21 days from the filing of any supplemental submission by plaintiff in which to file a response.

Any parties in interest that have not filed an affidavit evidencing their interest in the property and the amount due have thirty (30) days to do so.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _20 October 2014_

Thomas D. Warren
Justice, Superior Court

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101


SONIA BUCK ESQ
LINNELL CHOATE & WEBBER LLP
PO BOX 190
AUBURN ME 04212-0190

Plaintiffs Attorney