STATE OF MAINE
Lincoln, ss.

DISTRICT COURT
Location: WISCASSET
Docket No. WISDC-RE-2014-43

MICHAEL R. JUTRAS )
    Plaintiff )
     )
     )
v. )
     )
JACQUELINE CROCKER )
    Defendant )

ORDER ON MOTION FOR
SUMMARY JUDGMENT

This matter is before the court on Plaintiff's Motion for Summary Judgment.

Defendant has filed opposition to Plaintiff's motion. After reviewing the parties'

Statements of Material Facts, the court concludes that there is a genuine issue of

material fact regarding the amount due on the mortgage note. Entry of summary

judgment is only appropriate when there is no genuine issue of material fact. *See*

M. R. Civ. P. 56(c).

In order "[f]or a mortgagee to legally foreclose, all steps mandated by statute

must be strictly performed." *Camden National Bank v. Peterson*, 2008 ME 85,

¶ 21, 948 A.2d 1251. Maine Rule of Civil Procedure 56(h)(4) requires each

statement of material fact to be supported by specific record citation. The trial

court must disregard any statement of material fact not supported by reference to

record citation and is not permitted to search the record to find evidence in support

of a statement of fact unsupported by a record citation. M. R. Civ. P. 56(h)(4); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158; *Deutsche Bank National Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 6-7, 985 A.2d 1; *Peterson*, 2008 ME, ¶ 26, 968 A.2d 1251.

A foreclosure plaintiff must prove "the amount due on the mortgage note, including any reasonable attorney fees and court costs" in order to be entitled to judgment in a foreclose action. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *also* 14 M.R.S. § 6322 ("the court shall determine . . . the amount due thereon, including reasonable attorney's fees and court costs"); *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508; *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702. The amount due as of a certain date as stated in the statement of material facts must precisely match the evidence provided in support of this fact. *Lubar v. Connelly*, 2014 ME 17, ¶¶ 39-40, 86 A.3d 642.

Affidavits offered as evidence in support of a motion for summary judgment must be on personal knowledge and "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M. R. Civ. P. 56(e). When an affiant's statements are based upon her or his review of business records these records must be attached in order for that affidavit to provide adequate evidence in support of a motion for summary judgment. *Cach LLC v. Kulkas*, 2011 ME 70, ¶ 10, 21 A.3d 1015. To better

comply with the requirements of M. R. Civ. P. 56(h), the records from which the affiants' knowledge is derived should be cited as well.

Paragraph fifteen of Plaintiff's Supplemental Statement of Material facts gives the amount due on the mortgage note and cites to paragraph sixteen of the Affidavit of Michael R. Jutras ("Jutras Affidavit") and Paragraphs three and four of the Supplemental Affidavit of Michael R. Jutras ("Supplemental Jutras Affidavit"). Paragraph sixteen of the Jutras Affidavit simply restates the figures provided in the supplemental statement of material facts and does not further reference any records from which these figure are derived. Paragraphs three and four of the Supplemental Jutras Affidavit provide clarification regarding the interest that has accrued but provide no information regarding how these figures were derived. Defendant's Opposing Statement of Material denies this paragraph of Plaintiff's Statement of Material Facts and this denial is adequately supported. Plaintiff does not begin paragraph fifteen of its Reply Statement of Material Facts either "Admitted," "Denied," or "Qualified," as provided in Rule 56(h)(3).

The entry is: Plaintiff's Motion for Summary Judgment is hereby denied. The Clerk is directed to enter this Order on the civil docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated July 29, 2015

A. M. Horton, Justice
Superior Court

```
MICHAEL R JUTRAS  - PLAINTIFF                      DISTRICT COURT
PO BOX 375                                         WISCASSET
STRATTON ME 04982                                  Docket No  WISDC-RE-2014-00043
Attorney for: MICHAEL R JUTRAS
DAVID J JONES  - RETAINED 09/08/2014
JENSEN BAIRD GARDNER HENRY                           DOCKET RECORD
11 MAIN STREET
SUITE 4
KENNEBUNK ME 04043


vs
JACQUELINE CROCKER  - DEFENDANT
50 DODGE ROAD
DRESDEN ME 04342
Attorney for: JACQUELINE CROCKER
ANDREW T DAWSON  - RETAINED
GOODSPEED & O'DONNELL
10 SUMMER ST
PO BOX 738
AUGUSTA ME 04332-0738


Filing Document: COMPLAINT                   Minor Case Type: FORECLOSURE
Filing Date: 09/08/2014
```

## Docket Events:

09/08/2014 FILING DOCUMENT - COMPLAINT FILED ON 09/08/2014