

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2021-236

MASSACHUSETTS BAY INSURANCE
COMPANY,

      Plaintiff,

      v.

JORDAN LUMBER CO., INC.,
JONATHAN V. JORDAN, and DAVID J.
BUSHLEY,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

REC'D CUMB CLERKS OFC
NOV 10 '21 PH1:08

Before the Court is Plaintiff Massachusetts Bay Insurance Company's ("Massachusetts Bay") Motion for Summary Judgment. For the following reasons, the Court denies the Motion.

I.    **Background**

This matter arises out of a personal injury action brought by David J. Bushley against Jordan Lumber Co., Inc. ("Jordan Lumber") and Jonathan V. Jordan ("the Underlying Action") in which Mr. Bushley seeks to recover damages for injuries he sustained when he was knocked over by a machine owned by Mr. Jordan and/or Jordan Lumber.

At the time of the incident, Jordan Lumber was insured by Massachusetts Bay. In this action, Massachusetts Bay seeks a declaratory judgment providing that it has no duty to defend Jordan Lumber or Mr. Jordan in the Underlying Action. Massachusetts Bay has moved for summary judgment on its Complaint. As discussed in detail below, Massachusetts Bay's Motion for Summary Judgment suffers deficiencies that require the Court to deny the Motion.

## II.    Summary Judgment Standard

At the summary judgment stage, "strict adherence to [M.R. Civ. P. 56's] requirements is necessary to ensure that the process is both predictable and just." *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 12, 21 A.3d 1015 (quoting *Deutsche Bank Nat'l Tr. Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1). A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. A court may consider documents at the summary judgment stage only when the documents are attached to an affidavit that authenticates the documents according to M.R. Civ. P. 56(e). *Ocean Cmtys. Fed. Credit Union v. Roberge*, 2016 ME 118, ¶ 8 n.2, 144 A.3d 1178.

A contested fact is material if it could potentially affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. A genuine issue of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating."[1] *Est. of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

---

[1] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e). A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cnty. Comm'r*, 2004 ME 157, ¶ 13, 864 A.2d 169.

III. Discussion

Whether an insurer has a duty to defend is a question of law. *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, ¶ 7, 150 A.3d 793. The duty to defend "is determined by comparing the allegations in the underlying complaint with the provisions of the insurance policy." *Com. Union Ins. Co. v. Alves*, 677 A.2d 70, 72 (Me. 1996). "[T]he threshold for triggering an insurer's duty to defend is low." *Irving Oil, Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 12, 91 A.3d 594. The Law Court has held that "[r]egardless of extrinsic evidence, if the complaint—read in conjunction with the policy—reveals a mere *potential* that the facts may come within the coverage, then the duty to defend exists." *Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 9, 59 A.3d 1280.

Unfortunately, there is no copy of an insurance policy issued by Massachusetts Bay in the record that the Court is able to consider. Although Massachusetts Bay filed a copy of an insurance policy supported by a "certification" signed by an employee of Hanover Insurance Group, the certification contains no jurat and no signature of a notary or other official. It is, therefore, not an affidavit. *See In re Child of Dawn B.*, 2019 ME 93, ¶ 8 n.6, 210 A.3d 169; *In re Tyrel L.*, 2017 ME 212, ¶ 10, 172 A.3d 916. No other affidavit referring to the insurance policy is included in the record. Unaccompanied by an authenticating affidavit complying with Rule 56(e), the Court may not consider the insurance policy for the purposes of summary judgment.[2] Massachusetts Bay, therefore, has failed to establish that there is no dispute of material fact as to its duty to defend and that it is entitled to judgment as a matter of law. Accordingly, the Court must deny the Motion for Summary Judgment.

IV. Conclusion

---

[2] The Court notes that the statements in Massachusetts Bay's Statement of Undisputed Material Facts solely refer to attached documents.

For the foregoing reasons, the Court must deny Massachusetts Bay's Motion for Summary Judgment.

The entry is:

Plaintiff Massachusetts Bay Insurance Company's Motion for Summary Judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _11/10/2021_

_____
Mary Gay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 11/12/2021