STATE OF MAINE                                    SUPERIOR COURT
LINCOLN, ss.                                      CIVIL ACTION
                                                  Docket No. RE-14-032


MAINE STATE HOUSING AUTHORITY,
                    Plaintiff
                                                  **ORDER ON MOTION FOR**
        v.                                        **SUMMARY JUDGMENT,**
                                                  **DEFAULT JUDGMENT AND**
JACOB N. MATHEWS and JESSICA J.                   **ENTRY OF DEFAULT**
MATHEWS,
                    Defendants


and


MIDCOAST MAINE COMMUNITY ACTION
and PORTFOLIO RECOVERY ASSOCIATES,
LLC,
                    Parties-in-Interest


        Before the court is plaintiff's motion for summary judgment in an action for foreclosure

brought pursuant to 14 M.R.S. §§ 6321-6325 (2013). The plaintiff also seeks entry of default and

default judgment against both defendants and the parties-in-interest. No opposition to the motion

has been filed.

        The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes

detailed requirements for granting summary judgment in foreclosure actions.   M.R. Civ. P.

56(j).[1] The court is independently required to determine if those requirements have been met and

is also required to determine whether the mortgage holder has set forth in its statement of

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
    No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter
    713 of the Maine Revised Statutes except after review by the court and determination that (i) the
    service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed;
    (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced
    evidence of the mortgage note, the mortgage, and all assignments and endorsements of the
    mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has
    been waived or the defendant, after proper service and notice, has failed to appear or respond and
    has been defaulted or is subject to default.

material facts the acts necessary for summary judgment in a residential mortgage foreclosure. *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

Requests for default are governed by Rule 55, which provides additional requirements for requests for default in foreclosure actions. M.R. Civ. P. 55. According to the rule,

> No default or default judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed, and (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage.

M.R. Civ. P. 55(a)(1).

After reviewing the file, the court concludes that the plaintiff has satisfied the substantive and procedural requirements for a summary judgment of foreclosure and for default requests against all adverse parties except Jessica J. Mathews.[2] *See* 14 M.R.S. §§ 6111, 6321 (2013); M.R. Civ. P. 55(a), 56(j); *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508.

A plaintiff in a foreclosure action must "certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321. Additionally, to prevail on an action of foreclosure, a plaintiff must show that the notice requirements of 14 M.R.S. § 6111 have been strictly performed. *Id.* Here, the plaintiff has provided sufficient evidence of plaintiff's ownership of the mortgage note, the mortgage note itself, the mortgage, and the notice of default. (S.M.F. 1-6.) The plaintiff has also shown that mediation was completed pursuant to 14 M.R.S. § 6321-A(3)(2013). (Pl.'s S.M.F. ¶ 22(g).)

---

[2] Jessica J. Mathews filed an answer, requested mediation, and attended mediation. *See* M.R. Civ. P. 55.

The entry shall be:

Plaintiff's Motion is **GRANTED**. Default is entered for the following parties: Jacob N. Mathews, Midcoast Maine Community Action, and Portfolio Recovery Associates, LLC. Judgment for foreclosure is granted to Plaintiff by separate Judgment, for the reasons set forth in this Order.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 7/9/15

_____
Justice, Superior Court

3

STATE OF MAINE
LINCOLN, ss:

SUPERIOR COURT
DOCKET NO. WISSC-RE-2014-32

MAINE STATE HOUSING )
AUTHORITY, )
of Augusta, )
County of Kennebec, )
State of Maine, )
)
PLAINTIFF )
)
vs. )
)
JACOB N. MATHEWS and )
JESSICA J. MATHEWS, )
of Whitefield, )
County of Lincoln, )
State of Maine, )
)
DEFENDANT(S) )
)
and )
)
MIDCOAST MAINE COMMUNITY )
ACTION (f/k/a Coastal Economic )
Development Corporation), )
of Bath, )
County of Sagadahoc, )
State of Maine, )
)
and )
)
PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
of 120 Corporate Boulevard, )
Norfolk, Virginia 23502, )
)
PARTIES-IN-INTEREST )

**JUDGMENT OF FORECLOSURE
AND SALE
(14 M.R.S. §6322)**

**OWNER-OCCUPIED PROPERTY**

**[TITLE TO REAL ESTATE INVOLVED]**

**Property Location: 434 Mills Road,
Whitefield, Maine 04353**

**Mortgage Deed: Book 3590, Page 3, Lincoln
County Registry of Deeds**

**(Loan #1042389)**

**[MEDIATION ELIGIBLE]**

After considering the Plaintiff's Motion for Summary Judgment dated March 16, 2015, and after notice to all parties, no objection having been filed, the Court makes the following

Findings and Orders Judgment of Foreclosure as follows:

A.    Names and Address of Parties to Action and their Attorneys:

| Party | Attorney |
|---|---|
| Plaintiff – Maine State Housing Authority<br>353 Water Street<br>Augusta, ME 04330 | Richard L. Currier, Esq., Bar #2245<br>Currier & Trask, P.A.<br>55 North Street<br>Presque Isle, Maine 04769 |
| Defendant - Jacob N. Mathews<br>434 Mills Road<br>Whitefield, ME 04353 | None - Defaulted |
| Defendant – Jessica J. Mathews<br>434 Mills Road<br>Whitefield, ME 04353 | None - Defaulted |
| Party-In-Interest - Midcoast Maine<br>  Community Action<br>34 Wing Farm Parkway<br>Bath, ME 04530 | None - Defaulted |
| Party-In-Interest - Portfolio Recovery<br>  Associates, LLC<br>c/o Corporation Service Company<br>45 Memorial Circle<br>Augusta, ME 04330 | None - Defaulted |

B.    Certification of Service:

| Name of Party | Date and Method of Service |
|---|---|
| Defendant – Jacob N. Mathews | In Hand By Deputy Sheriff on September 24, 2014 with an Answer, Financial Statement and Return Envelope addressed to the Clerk of Court |
| Defendant – Jessica J. Mathews | In Hand By Deputy Sheriff on September 24, 2014 with an Answer, Financial Statement and Return Envelope addressed to the Clerk of Court |

Party-In-Interest - Midcoast Maine
Community Action

In Hand By Deputy Sheriff on September 30, 2014 upon Candice Carpenter, Director and Administrative Services.

Party-In-Interest – Portfolio Recovery
Associates, LLC

In Hand By Deputy Sheriff on September 23, 2014 upon Corporation Service Company, its Registered Agent.

C.    Type of Action:

Action for Foreclosure of a Mortgage Deed by Civil Proceeding, 14 M.R.S. §6321 et seq.

D.    Real Estate Description:

A certain lot or parcel of land with the buildings thereon situated in Whitefield, County of Lincoln and State of Maine, bounded and described as follows:

Commencing on the westerly side of Route #218 leading from North Whitefield to Coopers Mills, and at the southeasterly corner of land now or formerly of Aaron Simmons; thence in a southwesterly direction on said Simmons southerly boundary a distance of three hundred fifty (350) feet to an iron pin; thence in a southerly direction and parallel with the aforesaid road a distance of two hundred fifty (250) feet to an iron pin; thence in a southeasterly direction a distance of three hundred fifty (350) feet to the aforesaid road; thence in a northerly direction on said road a distance of three hundred (300) feet to the point of beginning.

Also the right to take water from a spring located on property of Olavi O. Miete and Doris E. Miete westerly of said described parcel of land, together with the right to lay, maintain and repair water pipes to said spring.

For Grantor's source of title reference is made to a Deed from Elwin W. Joslyn to Allen E. Brann and Elaine K Brann dated February 26, 1980 and recorded in the Lincoln County Registry of Deeds in Book 1023, Page 285. Allen E. Brann died on January 2, 2003 leaving Elaine K. Brann as the surviving joint tenant.

E.    The Court finds full compliance with the provisions of 14 M.R.S. §6111, §6321-A and §6321 as well as Rules 56(j) and 93, M.R.Civ.P. relating to Mediation under the Foreclosure Diversion Program. Plaintiff has properly certified compliance and has provided proof to the Court sufficient to meet the statutory requirements and Rule 56(j).

F.    Order and Judgment of Foreclosure: The following constitutes the final order affecting the premises above described and is entered on the date below by the Court:

1.    Defendant(s), Jacobs N. Mathews and Jessica J. Mathews, have breached the conditions of the note and mortgage deed, held by Plaintiff, dated November 14, 2005 and recorded in the Lincoln County Registry of Deeds in Book 3590, Page 3.

2.  As of March 16, 2005, there is due and owing Plaintiff upon said note and mortgage from said Defendants the following:

| | | |
|---|---|---|
| a. | Principal balance due in the sum of | $99,847.48 |
| b. | Accrued Interest as of 3/16/15 | $9,040.86 |
| c. | Late charges of | $103.20 |
| d. | Advances for Taxes and Insurance | $2,569.08 |
| e. | Inspections | $160.00 |
| f. | Legal fees and expenses of foreclosure | <u>$2,972.82</u> |
| | TOTAL DUE | $114,693.44 |

Together with interest of $12.35 (4.625%) per day until the sale of the premises as hereafter provided.

3.  The priorities of the parties as of the date of filing Plaintiff's Complaint, and the amounts due to the parties, are as follows:

A.  <u>SUPERIOR PRIORITY LIENS</u>: None

B.  <u>FIRST PRIORITY</u>: The mortgage deed of the Plaintiff, dated November 14, 2005 and recorded in the Lincoln County Registry of Deeds in Book 3590, Page 3.

C.  <u>SECOND PRIORITY</u>: A certain Writ of Execution lien to Midcoast Maine Community Action in the principal sum of $9,860.54, recorded at Book 3590, Page 28, Lincoln County Registry of Deeds.

D.  <u>THIRD PRIORITY</u>: A certain Writ of Execution lien to Portfolio Recovery Associates, LLC in the principal sum of $3,382.63, recorded at Book 4421, Page 176, Lincoln County Registry of Deeds.

E.  <u>PUBLIC UTILITY EASEMENTS</u>: NONE

WHEREFORE, it is hereby Ordered and Decreed that a Judgment of Foreclosure and Sale is hereby entered in favor of the Plaintiff, Maine State Housing Authority, against the Defendant(s) provided that if the Defendant(s), their heirs, successors and assigns, do not pay to Plaintiff the amounts adjudged to be due under Plaintiff's mortgage as set forth in Paragraph F.2

above, within ninety (90) days from the date of entry hereof, then Plaintiff shall sell Defendant's real estate free and clear of all liens and encumbrances pursuant to 14 M.R.S., Section 6321, et seq., and shall disburse the proceeds of such sale as follows:

a. To Plaintiff, Maine State Housing Authority, the sum of $114,693.44 plus $12.35 per day after 3/16/15 plus additional attorney's fees, real estate taxes, costs, expenses of sale and amounts advanced to protect the security of Plaintiff's mortgage up to and including the date of sale to the Plaintiff.

b. Next, to Midcoast Maine Community Action in satisfaction of its lien or mortgage encumbrance, the sum of $0.

c. Next, to Portfolio Recovery Associates, LLC in satisfaction of its lien or mortgage encumbrance, the sum of $0.

d. Any remaining funds to the Defendants (or Clerk of the Superior Court to be distributed pursuant to statute).

e. A Writ of Execution shall issue against the Defendant(s), for any deficiency, provided that the statutory requirements are met.

Plaintiff is granted exclusive possession of the real estate described upon expiration of the statutory ninety (90) day redemption period and Defendant(s) are Ordered to vacate the real estate at that time if Defendant(s) have not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall issue to Plaintiff for possession of said real estate if it is not redeemed, upon request by Plaintiff's counsel.

All parties have been served and given notice of the hearing on Plaintiff's Motion For Summary Judgment in accordance with Rules 56 and 7(b), Maine Rules of Civil Procedure.

The Plaintiff's attorney shall record this Judgment in the Lincoln County Registry of Deeds.

The Clerk is specifically directed pursuant to Civil Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

DATED: __July 4__, 2015

_____
JUSTICE, SUPERIOR COURT

## CERTIFICATION OF FINAL NATURE OF JUDGMENT:

No timely Appeal of the foregoing Judgment of Foreclosure and Order of Sale entered by this Court has been made by any party.

DATED: _____, 2015

_____
CLERK, SUPERIOR COURT