STATE OF MAINE
LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-013

CAMDEN NATIONAL BANK,
                Plaintiff

    v.

JEAN T. TRAVERS,
                Defendant

**ORDER ON MOTION FOR
SUMMARY JUDGMENT**

Before the court is plaintiff's motion for summary judgment in an action for foreclosure

brought pursuant to 14 M.R.S. §§ 6321-6325 (2013). No opposition to the motion has been filed.

The plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes

detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P.

56(j).[1] The court is independently required to determine if those requirements have been met and

is also required to determine whether the mortgage holder has set forth in its statement of

material facts the acts necessary for summary judgment in a residential mortgage foreclosure.

*Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Chase Home Fin. LLC v.
Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the plaintiff has satisfied the substantive

and procedural requirements for a summary judgment of foreclosure. *See* 14 M.R.S. §§ 6111,

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
    No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter
    713 of the Maine Revised Statutes except after review by the court and determination that (i) the
    service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed;
    (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced
    evidence of the mortgage note, the mortgage, and all assignments and endorsements of the
    mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has
    been waived or the defendant, after proper service and notice, has failed to appear or respond and
    has been defaulted or is subject to default.

6321 (2013); M.R. Civ. P. 56(j); *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508.

A plaintiff in a foreclosure action must "certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321. Additionally, to prevail on an action of foreclosure, a plaintiff must show that the notice requirements of 14 M.R.S. § 6111 have been strictly performed. *Id.* Here, the plaintiff has provided sufficient evidence of plaintiff's ownership of the mortgage note, the mortgage note itself, the mortgage, and the notice of default. (S.M.F. 1-7.) The plaintiff also showed that the defendant is not in military service. (S.M.F. ¶ 23); *see Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700.

The entry shall be:

Plaintiff's Motion is **GRANTED**. Judgment for foreclosure is granted to Plaintiff by separate Judgment, for the reasons set forth in this Order.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____                    _____
                                      Justice, Superior Court

2

STATE OF MAINE                              SUPERIOR COURT
LINCOLN, SS.                                CIVIL ACTION
                                            DOCKET NO. RE-14-13

CAMDEN NATIONAL BANK,              )
                                  )
              Plaintiff,           )        **ORDER AND JUDGMENT FO**
                                  )         **FORECLOSURE AND SALE**
       v.                          )
                                  )
JEAN T. TRAVERS, through Samuel G. )
Cohen, her agent,                  )        **Title to Real Estate Involved**
                                  )
              Defendant.           )

Title to 5 Medomak Terrace, Waldoboro, Maine is Involved
Mortgage recorded in the Lincoln County Registry of Deeds at Book 4261, Page 242

Upon Plaintiff's, Camden National Bank ("Plaintiff"), Motion for Summary Judgment,

and Entry of Final Judgment, and Incorporated Memorandum of Law dated January 3, 2015,

after notice to all parties, and no opposition having been filed, and after review of the pleadings,

Affidavits, Statement of Material Facts, and other information of record on file, the Court finds

pursuant to M.R. Civ. P. 7(c), 54(b), 55(a), 56(h), and 24(a)(2) and certifies pursuant to 14

M.R.S.A. § 2401(3):

1.    That the record indicates the following Parties and Counsel of Record:

      PARTY                                 COUNSEL

Plaintiff:   Camden National Bank          Stephanie A. Williams, Esq.
             245 Commercial St.            Perkins Thompson, PA
             Rockport, ME  04856           P.O. Box 426
                                           Portland, ME 04112-0426

{P0822173.1}

Defendant:     Jean T. Travers                        None of record
                       4072 Berkshire Drive
                       Sarasota, FL 34241

2. That Defendant has received notice of the proceedings in this action and that the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure;

3. That venue is properly laid in this Court;

4. That Defendant Jean T. Travers ("Defendant"), failed to answer or otherwise defend Plaintiff's Complaint, or serve a copy of any answer or other defense that she might have;

5. Defendant failed to request mediation and therefore, no mediation occurred;

6. On or about August 1, 2014, this Court granted Cohen's Motion to be Excused as Defendant's agent, and is not responsible for participating or otherwise defending Defendant as her agent in this matter;

7. That there is no genuine issue as to any material fact involving the Plaintiff's Complaint, and that the Plaintiff is entitled to judgment as a matter of law;

8. That Defendant is in default under the terms of a certain Equity Line Agreement and Disclosure Statement held by Plaintiff dated February 18, 2010 (the "Note"), and received proper notice of said default;

9. That Plaintiff is the holder of a certain Mortgage to secure the Note, dated February 18, 2010, and recorded in the Lincoln County Registry of Deeds in Book 4261, Page 242 (the "Mortgage"). Reference is made to the Mortgage for a more particular description of the mortgaged real estate located at 5 Medomak Terrace, in the Town of Waldoboro, County of Lincoln, and State of Maine (the "Property Address"), which Property Address includes the

Mobile Home.

10. That Plaintiff is owed the following under its Note and Mortgage:

| | | |
|---|---|---|
| a. | principal balance: | $150,071.93 |
| b. | deficit in the escrow accounts: | $3,044.98 |
| c. | accrued interest through December 23, 2014: | $6,159.06 |
| d. | attorneys' fees and disbursements through September 25, 2014: | $1,840.50 |

SUBTOTAL:     $161,116.47

e. additional reasonable attorneys' and paralegal fees and expenses incurred by Plaintiff in finalizing Plaintiff's Motion for Summary Judgment and Entry of Final Judgment, and Incorporated Memorandum of Law ("Motion"), and supporting documents; preparing for and attending any hearing on the Motion; drafting a letter regarding the period of redemption; obtaining and recording Clerk's Certification regarding appeal; drafting redemption documents or in obtaining a Writ of Possession and preparing for and conducting the foreclosure sale; filing and supporting a Report to Court; obtaining relief from automatic stay in any subsequent proceeding in U.S. Bankruptcy Court; and pursuing collection of any deficiency judgment to the extent it is not discharged in bankruptcy;

f. additional interest accruing on said principal balance from and including December 24, 2014, at the rate of $16.34 per day, which is 4% per annum, subject to adjustment as set forth in the Note; and

g. any amounts advanced by Plaintiff to protect its mortgage security;

11. That the order of priority and the amount of the claim of each party appearing and proving its claim against the proceeds of sale, after payment of expenses of sale, is as follows:

a. Camden National Bank: $161,611.47, plus accrued interest at the current Note rate of $16.34 per day (which 4%), from and including December 24, 2014, to the date of entry of judgment, plus interest after judgment at 6.13% (the appropriate rate pursuant to 14 M.R.S.A. §1602-C because the maximum Note rate is less than the weekly average one-year United States Treasury bill rate as published by the Board of Governors of the Federal Reserve System for the last full week of 2013 plus 6%), plus further legal fees and expenses incurred by Plaintiff as

described in paragraph 10 above, plus any amounts advanced by Plaintiff to protect its mortgage security, including insurance premiums and real estate taxes; and

b.      Clerk of Courts: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

12.      That Plaintiff's claim for attorney fees is integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2); and

13.      That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for attorney fees incurred by Plaintiff after September 25, 2014, for the following reasons:

a.      If summary judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

b.      The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

c.      Any dispute regarding attorney fees incurred by Plaintiff after September 25, 2014, may be resolved by Defendant filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

WHEREFORE, it is hereby Ordered and Decreed:

a.      That if Defendant, her heirs, assigns, or agents do not pay the Plaintiff the amounts adjudged to be due to Plaintiff in paragraph 10 above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall, unless it elects to allow Defendant to cure and reinstate, proceed with a sale of the real estate described in the mortgage deed recorded in the Lincoln County Registry of Deeds in Book 4261, Page 242, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to

Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the priority order and amounts set forth in paragraph 11 above;

c.      That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54(b)(1), except as to attorney fees incurred after September 25, 2014;

d.      That if Defendant fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order (or cure and reinstate within such additional time as Plaintiff may in its sole discretion allow), or if Defendant abandons the mortgaged property, Plaintiff shall then be entitled, at its option, without further hearing to take exclusive possession of the real estate described in Plaintiff's Mortgage, and a writ of possession shall then issue forthwith upon Plaintiff's request;

e.      That an execution shall issue against the Defendant for any deficiency, provided the statutory requirements are met;

f.      That Plaintiff shall specify attorney fees incurred after September 25, 2014, in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys fees, notwithstanding the requirements of M.R. Civ. P. 54(b)(3) to file such application within 60 days after judgment; Defendant may contest the Report and application for additional fees by filing a motion pursuant to 14 M.R.S.A. § 6324;

g.      That once the applicable appeal period has expired, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Registry of Deeds for Lincoln County and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become

part of the mortgage indebtedness secured by the Mortgage; and

     h.     That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated ___7\9\15___ entered for

the Plaintiff as a final judgment except for attorneys fees incurred after September 25, 2014.

Said Order is incorporated in the docket by reference. This entry is made in accordance with

M.R. Civ. P. 79(a) at the specific direction of the Court."

     Dated at __Wiscasset__ Maine, this __4th__ day of __July__, 20__15__.

                                      _____
                                        Justice, Superior Court

Date Order Entered on the Court's Docket: ___7\13\15___

     I hereby certify that the applicable appeal period expired without action on

_____.

                                    _____
                                    CLERK, LINCOLN COUNTY
                                    SUPERIOR COURT