STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO. RE-14-75


MAINE STATE HOUSING AUTHORITY,

Plaintiff,

v.                                                **ORDER**

CHERYL MILLER,

Defendant,

CACV OF COLORADO LLC and
CENTRAL DEVELOPMENT CORP.

Parties-in-interest.


## I.      Background

Plaintiff Maine State Housing Authority brings this action to foreclose on real property located at 14 Old Pump Road in Lyman. Defendant Cheryl Miller is the homeowner and debtor/mortgagor under the subject note and mortgage. Before the court is plaintiff's motion for summary judgment.

## II.     Discussion

A plaintiff seeking a foreclosure judgment "must comply strictly with all steps required by statute." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (quoting *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 1, 985 A.2d 508). As the

1

Law Court has stated, a plaintiff must establish eight separate elements of proof in order to obtain a foreclosure judgment, including "the amount due on the mortgage note, including any reasonable attorney fees and court costs." *Id.* ¶ 18.

In support of the motion for summary judgment, plaintiff submitted a statement of material facts supported by, among other exhibits, affidavits from Robin Thompson, a Senior Loss Mitigation Officer for Camden National Bank and Stephanie Roux, Senior Loan Administration Officer for Maine State Housing Authority. (Pl.'s S.M.F ¶¶ 1, 8.) Thompson is offered as an authorized custodian of records qualified to lay a foundation for exhibits to be admitted as business records. *See* M.R. Evid. 803(5).

Thompson avers, relying on a computer screen printout of a payoff statement, that the total amount due under the subject note and mortgage is $125,093.45, less applicable legal fees. (Thompson Aff. ¶ 21.) The payoff amount is drawn from a screen printout attached to Thompson's affidavit as Exhibit E. The affidavit avers that Thompson has "personally reviewed Exhibit E and [found] its contents accurate." (Id. n.1.) Such a printout is admissible as an original and can be relied upon provided the exhibit is "shown to reflect the data accurately." *Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700 (citing M.R. Evid. 1001(3)).

Exhibit E has a cover sheet titled "Payoff Quote" that breaks down principle, interest, and fees totaling $125,093.45 and identifies the relevant name as "Cheryl Miller." Attached to the cover sheet is a screen printout titled "Loan Payoff Inquiry" for an account for two borrowers (one of whom is a "Miller," but not a Cheryl) with a total payoff of $218,982.74.

2

Because the plaintiff has failed to present properly supported and admissible evidence of the amount due under the note and mortgage, summary judgment will be denied.[1]

The entry shall be:

Plaintiff's motion for summary judgment is DENIED.

SO ORDERED.

DATE: April 26, 2016

John O'Neil, Jr.
Justice, Superior Court

---

[1] Plaintiff's attempt thereafter to remedy this defect by letter with the correct screen printout attached was ineffective. In the present summary judgment record, there is neither a sworn affidavit representing what the originally submitted screen printout was, nor an affidavit swearing that the subsequent printout was indeed what plaintiff purports it to be. In light of the strict standards to which plaintiffs seeking summary judgment in a foreclosure action must adhere, the court has no choice but to deny the motion.